IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE SAMUEL, | : | |
| AS ADMINISTRATOR OF | : | |
| THE ESTATE OF | : | |
| CATHY LYNN TUBBS | : | |
| 1316 Burdette Avenue | : | Case No. C-1-02-378 |
| Cincinnati, Ohio 45206 | : | |
| | : | Judge Dlott |
| And | : | |
| | : | |
| JANIE SAMUEL | : | |
| 1316 Burdette Avenue | : | |
| Cincinnati, Ohio 45206 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | **FIRST AMENDED COMPLAINT WITH** |
| | : | **JURY DEMAND** |
| STEVEN M. HOOG | : | |
| City of Cincinnati Fire Department | : | |
| Engine Co. 23 | : | |
| 2081 South Hegry Circle | : | |
| Cincinnati, Ohio 45238 | : | |
| | : | |
| And | : | |
| | : | |
| MICHAEL A. LOTZ | : | |
| City of Cincinnati Fire Department | : | |
| Engine Co. 23 | : | |
| 6708 Devonwood Drive | : | |
| Cincinnati, Ohio 45224-1116 | : | |
| | : | |
| Defendants. | : | |

Now come Plaintiffs, by and through counsel, and for their Complaint against Defendants hereby state as follows:

## JURISDICTION & VENUE

1. Plaintiffs, Cathy Lynn Tubbs and Janie Samuel bring this suit under 42 U.S.C. §1983.

2. This court has original jurisdiction under 28 U.S.C. §1343(a)(3) to hear this claim since it involves a question of racial discrimination by members of the City of Cincinnati Fire Department.

3. Additionally, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiffs' state law claims since those claims arise from the same incident from which the Plaintiffs' allege racial discrimination and because the state law claims and the 42 U.S.C. § 1983 claim have a common nucleus of operative facts such that they are part of the same case or controversy.

4. Venue is proper in this district because the Plaintiffs reside here, the Defendants were employed in this district at all relevant times, and all of the evidence is located in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff, Janie Samuel, is the duly appointed and acting Administrator of the Estate of her daughter, Cathy Lynn Tubbs, deceased, having been appointed Administrator by the Probate Court of Hamilton County, Ohio in Case No. 2001001441.

6. Plaintiff, Janie Samuel, brings this action individually as well as in her representative capacity as Administrator of the Estate of Cathy Lynn Tubbs to recover damages resulting from a civil rights violation and intentional infliction of emotional distress on May 29, 2000.

7. Plaintiff, Janie Samuel, is the mother of the deceased, Cathy Lynn Tubbs and was present at all relevant times herein.

8. On May 29, 2000, Defendant Steven M. Hoog was a Fire Fighter with Engine Co. 23 and was the Officer in Charge at all relevant times herein.

9. On May 29, 2000, Defendant Michael A. Lotz was a Fire Fighter with Engine Co. 23 and was also a paramedic.

10. On May 29, 2000, Cathy Lynn Tubbs was a citizen of the United States of America, as well as a citizen and resident of the City of Cincinnati. She was 44 years old.

11. Cathy Lynn Tubbs suffered from Pulmonary Hypertension, a disorder in which blood pressure in the pulmonary artery rises well above normal limits. She was under medical care for this condition. Symptoms of this disease include difficulty in breathing, dizziness, fatigue, and fainting spells. This disease is a serious medical condition and can lead to cardiac arrest and death.

12. Cathy's medical condition, from time to time, required emergency medical services to be provided at her home and en route to the hospital.

13. On the afternoon of May 29, 2000, Plaintiff Cathy Lynn Tubbs, was at her home at 1316 Burdett Avenue in the City of Cincinnati and experienced shortness of breath, extreme weakness and other related medical problems. She had been released from Bethesda North Hospital 20 days prior thereto. A call was made to 911 for medical assistance.

14. At 2:50 PM, both Engine Co. 23 and Rescue 14 signaled they were en route to 1316 Burdett Avenue.

15. Fire Fighters Hoog and Lotz arrived at 1316 Burdett Avenue in response to the 911 call.

16. Shortly after arriving at the scene, Fire Fighter Hoog stated that in his opinion the situation was not an emergency and declared he would not transport Cathy Lynn Tubbs to a hospital. Fire Fighter Lotz was present and failed to contradict Hoog.

17. As more fully described below, Defendants' opposition to and argument about the necessity of an ambulance transport to take Cathy Lynn Tubbs to the hospital created an atmosphere of confrontation which caused both Cathy Lynn Tubbs and Janie Samuel (as well as others present) humiliation and extreme anxiety.

18. Fire Fighter Hoog is a Caucasian man.

19. Fire Fighter Lotz is a Caucasian man.

20. Cathy Lynn Tubbs was an African-American woman.

21. Janie Samuel is an African-American woman.

22. Cathy Lynn Tubbs died later that evening at Bethesda North Hospital from complications of her pulmonary hypertension.

## COUNT I

### Civil Rights Claim

23. Plaintiffs hereby incorporate all previous allegations as if fully rewritten herein

#### The City of Cincinnati Policy

24. Upon information and belief the City of Cincinnati Fire Department operates under a "You call, we haul" policy whereby they will transport anyone who believes she needs to travel by ambulance to the hospital.

25. Upon information and belief, the "You call, we haul" policy includes a policy of ambulance transport to City of Cincinnati citizens without opposition, without argument and

4

without an atmosphere of confrontation.  An ambulance provides a citizen medical services en route and communications directly to the hospital en route.  This policy was applicable on May 29, 2000.

Application of the Policy to White Citizens by Defendants

26.     Upon information and belief, Defendants, Fire Fighters Hoog and Lotz have transported white citizens in accordance with the "You call, we haul" policy without opposition and argument and without creating an atmosphere of confrontation.

27.     Upon information and belief, Defendants, Fire Fighters Hoog and Lotz have transported–without opposition, argument and confrontation–whites with similar or less serious conditions than Cathy Lynn Tubbs' condition on May 29, 2000 under the "You call, we haul" policy.  Such conditions include, but are not limited to, the following:

- sore back
- broken bone
- women in labor needing a ride to the hospital
- dizziness
- breathing trouble
- weakness
- other minor maladies where the patient was conscious, alert, and speaking upon Defendants arrival.

28.     Upon information and belief, Defendants have not subjected whites to opposition, argument and an atmosphere of confrontation in connection with ambulance service.

29.     Upon information and belief, Defendants (and/or others from their same Fire House) have encountered white residents temporarily living at the home of Janie Samuels, at the exact same location at issue in this case, 1316 Burdett Avenue, and transported–without

opposition, argument and confrontation–these whites with similar or less serious conditions than Cathy Lynn Tubbs' condition on May 29, 2000 under the "You call, we haul" policy.

30. Upon information and belief, Defendants have accurately recorded on the run report all information about the events that occurred involving white citizens transported by ambulance.

<u>Failure to Apply Policy to Cathy Lynn Tubbs</u>

31. Upon information and belief, Defendants, Fire Fighters Hoog and Lotz reported to Cathy Lynn Tubbs' household, 1316 Burdett Avenue, on May 29, 2000 under this "You call, we haul" policy.

32. Defendants, Fire Fighters Hoog and Lotz repeatedly treated Cathy Lynn Tubbs differently than similarly situated whites on May 29, 2000.

33. Defendants created an atmosphere of confrontation due to their individual and joint opposition and arguments on May 29, 2000. Defendants created a verbal altercation.

34. Defendants' disparate treatment of Ms. Tubbs included, but is not limited to, the following:

- Upon arrival, Fire Fighter Hoog promptly declared that Cathy Lynn Tubbs' condition was not an emergency despite the fact she was having trouble breathing suffered from a serious medical condition and was so weak she had to have help to walk.

- Defendant Fire Fighter Hoog declared, without consulting the only paramedic on scene, (Defendant Fire Fighter Lotz) that they would not transport Cathy Lynn Tubbs to the hospital.

- Defendant Fire Fighter Lotz was the only paramedic on the scene and remained silent while Defendant Fire Fighter Hoog made his pronouncements.

- Defendant Fire Fighter Lotz, failed to follow the emergency medical service guidelines set forth by the Cincinnati Fire Division, the Academy of Medicine, or the Standing Orders for Paramedics Services. His breakdowns included, but are not limited to, failure to utilize the pulse/oximeter device to

    measure the patient's pulse and oxygen levels and failure to apply the leads of the EKG machine to the patient, to monitor her heart rhythm—even though the equipment was available to Lotz.

- Defendants, Fire Fighters Hoog and Lotz ignored Cathy's and her mother, Janie Samuel's, pleas that Cathy's condition required ambulance transportation to the hospital. Janie Samuel was on her knees asking Defendant Fire Fighter Hoog to help her daughter and let the ambulance take her to the hospital.

- When the aunt of the deceased, Plaintiff Cathy Lynn Tubbs, entered the same room as Cathy, she asked if Defendants were going to transport her niece to the hospital. Defendant Fire Fighter Hoog responded that he did not have to explain anything to her, and again, stated the situation was not an emergency.

- When Cathy's sister, Candace Tubbs challenged Defendant Fire Fighter Hoog, he responded "Yea, I am a racist."

- Only when Candace Tubbs introduced Cathy's aunt as an attorney did Defendants Hoog and Lotz reverse their earlier decision and decide to transport Cathy to the hospital.

- After that, however, Fire Fighter Hoog pleaded with Cathy's family to take Cathy to the hospital themselves in their private vehicle. The family could not agree because they feared Cathy's condition was worsening, knew that transporting Cathy required the transportation of a large oxygen tank for the nasal cannula–which the family could not do safely in their private vehicle, and thought Cathy should have medical services and communication to the hospital available en route.

- Fire Fighter Hoog then tried to convince Cathy's family–against their wishes– to have Cathy taken to University Hospital, rather than to Cathy's doctor at Bethesda North Hospital (where she had recently been hospitalized and where numerous medical records on her condition were located).

- During this period, Defendant Fire Fighter Lotz commented that if this were his family member and he was concerned, he would have already driven them to the hospital without requiring ambulance services.

- When Cathy Lynn Tubbs was being loaded onto the ambulance, Defendant Fire Fighter Hoog instructed the driver of the ambulance not to treat the situation as an emergency and to drive slowly, again, despite her serious medical condition, shortness of breath, and weakness.

- The medical run report created by Defendants was false, misleading and inaccurate by omission because it appeared that Defendants willingly followed the "You call, we haul" policy when in fact, they did not do so.

Defendants omitted any reference in their medical run report to their opposition and arguments that created an atmosphere of confrontation.

### Civil Rights Violation Due to Race

35. Plaintiff Cathy Lynn Tubbs was entitled to equal protection of the laws pursuant to the Fourteenth Amendment of the United States Constitution.

36. Defendants, Fire Fighters Hoog and Lotz treated Cathy Lynn Tubbs differently than similarly situated whites because of her race. Consequently, they violated Cathy Lynn Tubbs' right to equal protection under the laws.

37. Such acts of discrimination in the provision of emergency medical services by Defendants, Fire Fighters Hoog and Lotz, manifest a willful or reckless disregard for the safety, health, or life of Plaintiff Cathy Lynn Tubbs such that this action should not be barred by O.R.C. §2744.02, Ohio's sovereign immunity statute.

38. As a direct and proximate result of the acts of the Defendants, Fire Fighters Hoog and Lotz, Cathy Lynn Tubbs, suffered substantial anxiety, distress, discomfort, humiliation and embarrassment. Due to the status and severity of the Cathy Lynn Tubbs' medical condition, Defendants' opposition and argument, on the basis of race, caused the Plaintiff to fear for her life.

### COUNT II

### Intentional Infliction of Emotional Distress of Cathy Lynn Tubbs

39. Plaintiffs hereby incorporate all previous allegations as if fully rewritten herein.

40. Cathy Lynn Tubbs was having difficulty breathing, was feeling weak, and requested immediate transportation to a hospital, prior to her death on the evening of May 29, 2000.

41. During the events described herein, Cathy Lynn Tubbs was awake and alert.

42. Defendants Firefighters Hoog and Lotz opposed transporting by ambulance, Cathy Lynn Tubbs, a person with a serious and deteriorating medical condition, and engaged in argument rising to the level of a verbal altercation to that effect with the family of Cathy Lynn Tubbs including, Plaintiff Janie Samuel.

43. This opposition by Defendants Fire Fighters Hoog and Lotz was reckless, malicious, willful or wanton conduct and in violation of the Cincinnati Fire Division Operations Manual as well as the Cincinnati Fire Division Policy and Procedure Manual.

44. Despite Cathy's serious condition, the only paramedic on the scene, Defendant Fire Fighter Lotz, failed to perform the proper tests, and sat idle while Hoog, who was not a paramedic, declared Cathy's medical needs a non-emergency. Lotz's inaction—below the standard of care—includes, but is not limited to, failing to utilize the pulse/oximeter device to measure the patient's pulse and oxygen levels and failing to apply the leads of the EKG machine to the patient, to monitor her heart rhythm—even though the equipment was available to Lotz.

45. Defendants, Fire Fighters Hoog and Lotz, repeatedly made impertinent statements in the presence of Cathy Lynn Tubbs that caused her emotional distress. Such statements include, but are not limited to, the following:

- Defendant Fire Fighter Hoog responded to Cathy's sister, Candace Tubbs "Yea, I am a racist."

- Defendant Fire Fighter Lotz made the comment that if this were his family member and he was concerned, he would have already driven them to the hospital without requiring ambulance services.

- Defendant Fire Fighter Hoog declared to Cathy's aunt, when she entered the room, that he did not have to explain anything to her, and again, this was not an emergency.

- Defendant Fire Fighter Hoog instructed the driver of the ambulance not to treat the situation as an emergency and to drive slowly.

46. The actions of Defendants, Firefighters Hoog and Lotz, towards Plaintiff Cathy Lynn Tubbs, during a time she was in obvious stress, were outrageous under the circumstances.

47. Plaintiff Cathy Lynn Tubbs immediately began to cry and became distraught upon hearing Defendant Hoog's declaration of a non-emergency and Hoog's denial of the use of an ambulance. She continued to weep and suffer extreme emotional pain as Defendants, Fire Fighters Hoog and Lotz, made impertinent statements in complete disregard of her condition.

48. Defendants, Fire Fighters Hoog and Lotz, knew or should have known that declaring Cathy Lynn Tubbs' condition a non-emergency, opposing her transportation via ambulance, and making such statements in the presence of Plaintiff Cathy Lynn Tubbs, a person fearing for her life, would have an extreme emotional impact on Cathy Lynn Tubbs.

49. Because Cathy Lynn Tubbs perceived Fire Fighters Hoog and Lotz as preventing her means to emergency medical treatment, Defendants actions described herein were outrageous.

50. Such acts of intentional infliction of emotional distress, including Defendants' opposition to transporting the deceased via ambulance, manifest a willful or reckless disregard for the safety, health, or life of Plaintiff Cathy Lynn Tubbs such that this action should not be barred by O.R.C. §2744.02, Ohio's sovereign immunity statute.

51. As a direct and proximate result of the above acts of Defendants, Fire Fighters Hogg and Lotz, Plaintiff Cathy Lynn Tubbs suffered severe emotional distress such that she was in fear for her life. Said emotional distress was caused by extreme and outrageous conduct by the Defendants.

## COUNT III

### Intentional Infliction of Emotional Distress of Janie Samuel

52. Plaintiffs hereby incorporate all previous allegations as if fully rewritten herein.

53. Plaintiff Janie Samuel, mother of the deceased, Plaintiff Cathy Lynn Tubbs, was present for all actions of Defendants Hoog and Lotz described herein.

54. Defendants Firefighters Hoog and Lotz opposed transporting by ambulance, Cathy Lynn Tubbs, a person with a serious and deteriorating medical condition, and engaged in a verbal altercation to that effect with the family of Cathy Lynn Tubbs including, Plaintiff Janie Samuel.

55. This opposition by Defendants Fire Fighters Hoog and Lotz was reckless, malicious, willful or wanton conduct and in violation of the Cincinnati Fire Division Operations Manual as well as the Cincinnati Fire Division Policy and Procedure Manual.

56. Despite Cathy's serious condition, the only paramedic on the scene, Defendant Fire Fighter Lotz, failed to perform the proper tests, and sat idle while the non-paramedic declared her situation a non-emergency. Lotz's inaction—below the standard of care—includes, but is not limited to, failing to utilize the pulse/oximeter device to measure the patient's pulse and oxygen levels and failing to apply the leads of the EKG machine to the patient, to monitor her heart rhythm—even though the equipment was available to Lotz.

57. Plaintiff Janie Samuel got down on her knees and begged Defendant Fire Fighter Hoog to help her daughter and let the ambulance take her to the hospital.

58. Despite Plaintiff Janie Samuel's pleas, Defendant Fire Fighter Hoog refused to transport Cathy Lynn Tubbs to a hospital, engaged in argument rising to the level of a verbal

altercation, and only changed his mind when he learned that the aunt of Cathy Lynn Tubbs was an attorney.

59. Plaintiff Janie Samuel was subjected to Defendants, Fire Fighters Hoog and Lotz's, offensive statements, including, but not limited to the following:

- Defendant Fire Fighter Hoog responded to Cathy's sister, Candace Tubbs "Yea, I am a racist."

- Defendant Fire Fighter Lotz made the comment that if this were his family member and he was concerned, he would have already driven them to the hospital without requiring ambulance services.

- Defendant Fire Fighter Hoog declared to Cathy's aunt, when she entered the room, that he did not have to explain anything to her, and again, this was not an emergency.

- Defendant Fire Fighter Hoog instructed the driver of the ambulance not to treat the situation as an emergency and to drive slowly.

60. The actions of Defendants, Firefighters Hoog and Lotz, towards Plaintiff Janie Samuel, during a time of obvious stress, were outrageous.

61. Plaintiff Janie Samuel, though concerned for her daughter's well-being, became distraught and began to cry, shake and feel heart palpitations only after and as a direct result of the actions described herein of Defendants Hoog and Lotz.

62. The actions of Defendants, Firefighters Hoog and Lotz, separate of the loss of her daughter, have caused Plaintiff Janie Samuel to seek professional psychological help.

63. Such acts of intentional infliction of emotional distress, including the Defendants' opposition to transporting the deceased via ambulance, manifests the necessary intent such that this action should not be barred by O.R.C. §2744.02, Ohio's sovereign immunity statute, which grants immunity to negligent acts, but not intentional, willful or wanton acts.

64. As a direct and proximate result of the above acts of Defendants, Fire Fighters Hoog and Lotz, Plaintiff Janie Samuel suffered severe emotional distress such that she has sought professional medical treatment. Said emotional distress was caused by the extreme and outrageous conduct by the Defendants, and has caused Plaintiff Janie Samuel to incur additional and substantial medical expenses in order to cope with her severe mental and emotional anxiety.

## COUNT IV

### Punitive Damages

65. Plaintiffs hereby incorporate all previous allegations as if fully rewritten herein.

66. Defendants' knowledge of the above and subsequent conduct shows a conscious disregard for the rights and safety of other persons that has a great possibility of causing substantial harm.

67. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to punitive damages.

**WHEREFORE** Plaintiffs pray for compensatory and punitive damages against Defendants in an amount to be determined by a jury. Plaintiffs reserve the right to state a monetary amount for their claim at a later time. Additionally, Plaintiffs pray for punitive

damages against the Defendants.  Finally, Plaintiffs pray for any and all other relief at law and in equity to which they may be entitled, plus attorney's fees and costs.

                                              Respectfully submitted,

                                        /s/ Barbara Bison Jacobson
                                        Barbara Bison Jacobson (0014190)
                                        Vorys, Sater, Seymour and Pease LLP
                                        221 East Fourth Street, Suite 2000
                                        P.O. Box 236
                                        Cincinnati, Ohio 45202
                                        Telephone – (513) 723-4016
                                        Facsimile – (513) 852-8481

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues.

                                        /s/ Barbara Bison Jacobson
                                        Barbara Bison Jacobson, Esq. #0014190