LEXSEE 2003 US DIST LEXIS 13400

DAVID A. SIMPSON, Plaintiff, vs. COLUMBUS SOUTHERN POWER CO., Defendant.

Case No. C2-02-1080

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

*2003 U.S. Dist. LEXIS 13400*

July 14, 2003, Decided
July 15, 2003, Filed

**PRIOR HISTORY:** *Simpson v. Columbus Southern Power Co., 2000 U.S. App. LEXIS 6801* (6th Cir. Ohio, Apr. 11, 2000)

**DISPOSITION:** [*1] Defendant's Motion to Dismiss GRANTED. Plaintiff's Motion to Amend DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee and defendant employer entered into a settlement agreement that resolved an employment dispute. The employee then filed the instant suit, pro se, contending that the employer committed perjury when it lied about the circumstances of his termination. The employee moved to amend his complaint to add a fraud claim. The employer moved to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)* and asked for sanctions against the employee.

**OVERVIEW:** At the outset, the district court noted that all of the employee's claims appeared to be barred by the parties' settlement agreement which was a global settlement of all claims. The employee argued that his claim for perjury was new. Even if that were true, Ohio law did not recognize a civil cause of action for perjury. Moreover, to the extent that the employee alleged a claim for wrongful termination and for disability benefits, the doctrine of res judicata barred these claims. The employee's proposed amendment to add the fraud claim failed because the amendment would have been futile. The employee alleged that the employer committed the fraud at a hearing held on November 17, 1998. At the time, the employee alleged that his own counsel had perjured himself during his testimony. This allegation demonstrated that the employee knew or should have known of the claim in December of 1998. Ohio's four-year statute of limitations thus barred the claim. Finally, the district court sanctioned the employee for his conduct. The employee continually challenged the settlement agreement after other courts told him repeatedly that his claims were settled and barred by res judicata.

**OUTCOME:** The district court granted the employer's motion to dismiss and denied the employee's motion to amend the complaint. The district court also ordered the employee to remit to the employer $ 1000 as a sanction for his bad faith conduct.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN1] In determining whether to grant a motion under *Fed. R. Civ. P. 12(b)(6)*, a court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN2] A motion to dismiss for failure to state a claim, pursuant to *Fed. R. Civ. P. 12(b)(6)* should not be

granted unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under viable legal theory.

*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action*
[HN3] While a court may not grant a motion under *Fed. R. Civ. P. 12(b)(6)* based on mere disbelief of a complaint's factual allegations, neither is the court required to accept as true a complaint's legal conclusions or unwarranted factual inferences.

*Civil Procedure > Joinder of Claims & Parties > Self-Representing Parties*
[HN4] A pro se litigant's pleadings are held to less stringent standards than those pleadings drafted by attorneys. Nevertheless, those who proceed without counsel must still comply with the procedural rules that govern civil cases. Neither the United States Supreme Court nor other courts have been willing to abrogate basic pleading essential to pro se suits.

*Civil Procedure > Settlements > Settlement Agreements*
[HN5] A plaintiff who knowingly and voluntarily agrees to settle his claims is bound by that agreement.

*Torts > Business & Employment Torts > Deceit & Fraud*
[HN6] In Ohio, allegations constituting perjury, subornation of perjury and conspiracy to commit perjury, all of which, if proved, may be punishable under criminal statutes, are not recognized as bases for civil lawsuits.

*Civil Procedure > Preclusion & Effect of Judgments > Res Judicata*
[HN7] Res judicata, also referred to as claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating any claim that was or could have been raised in that action.

*Civil Procedure > Preclusion & Effect of Judgments > Res Judicata*
[HN8] A claim is barred by operation of res judicata if each of the following elements is present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Civil Procedure > Relief From Judgment > Motions for New TrialCivil Procedure > Relief From Judgment > Fraud*
[HN9] A court may relieve a party from final judgment when there is newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial under *Fed. R. Civ. P. 59(b)* or if there was fraud on part of an adverse party. *Fed. R. Civ. P. 60(b)*. Under both grounds for relief the party must file a motion in a timely manner.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN10] Once a party has answered or otherwise filed a responsive pleading, a party may amend his complaint only by leave of court or with the written consent of the adverse party. *Fed. R. Civ. P. 15(a). Fed. R. Civ. P. 15(a)* directs a court to grant leave to amend freely, when justice so requires. When a proposed amendment would be vulnerable to a successful motion to dismiss, however, such an amendment would be futile.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings*
[HN11] A court may correctly deny a plaintiff's motion to amend his complaint to add claims that would be barred by the statute of limitations.

*Torts > Procedure > Statutes of Limitations*
[HN12] The applicable statute of limitations for a plaintiff's claim of fraud under Ohio law is four years. *Ohio Rev. Code. Ann. § 2305.09(C)*. The statute begins to run when a plaintiff discovers, or should have discovered, the injury.

*Civil Procedure > Sanctions > Baseless Filings*
[HN13] A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

*Civil Procedure > Sanctions > Baseless FilingsCivil Procedure > Joinder of Claims & Parties > Self-Representing Parties*
[HN14] A plaintiff's status as pro se party does not insulate him from sanctions for bad faith and abuse of the litigation process.

**COUNSEL:** DAVID A SIMPSON, plaintiff, Pro se, Gahanna, OH.

For COLUMBUS SOUTHERN PO, defendant: Christopher Coe Russell, Porter Wright Morris & Arthur, Columbus, OH.

**JUDGES:** EDMUND A. SARGUS, JR., UNITED STATES DISTRICT JUDGE. Magistrate Judge Terrence P. Kemp.

**OPINIONBY:** EDMUND A. SARGUS, JR.

**OPINION:**

### OPINION AND ORDER

This matter is before the Court on Defendant Columbus Southern Power Company's Motion to Dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*. Defendant moves the Court for an order dismissing this action in its entirety for failure to state a claim upon which relief can be granted. The Court also considers Plaintiff's Motion to Amend his Complaint to assert a claim for fraud. For the reasons that follow, Defendant's Motion to Dismiss is granted and Plaintiff's Motion to Amend is denied.

### I.

Plaintiff, David A. Simpson, proceeding *pro se*, brings this action against his former employer, Defendant, Columbus Southern Power Company ("CSP"). CSP laid-off Plaintiff from his medical retrogress position on or about January 20, 1995. At the time [*2] of the layoff, CSP asserted that Plaintiff's position within the company had been eliminated due to a corporate restructuring. (Complaint, p. 1.) In 1997, Plaintiff commenced an action against CSP for wrongful termination in violation of the *Americans with Disability Act* ("ADA") and for denial of disability and retirement benefits under the *Employee Retirement Income Security Act* ("ERISA"). (*Simpson v. Columbus Southern Power*, Case No. C2-97-938 (S.D. Ohio Aug. 20, 1997) (Kinneary, J.). n1 During discovery in the 1997 federal case, the parties reached an oral settlement agreement in the case that included "any and all claims" Plaintiff had against CSP. (See Case No. C2-97-938, Order enforcing settlement, Doc. # 48.) n2

n1 Defendant CSP attached all of the documents referred to herein to its Motion to Dismiss. Each of the documents is a public record appearing in the record of this case or in a related state court action. As matters of public record, the Court may take these documents into account on this motion to dismiss without converting it to one for summary judgment by considering matters outside the pleadings. *Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001)* (

[HN1] "'In determining whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" (quoting *Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997))*); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990). [*3]

n2 In this Order, Judge Kinneary denied Defendant's Motion for Summary Judgment, but instead converted the Motion to one enforcing the parties' settlement agreement. (Case No. C2-97-938, Doc. # 48.)

When CSP reduced the settlement agreement to writing and delivered it to Plaintiff's attorney, Mr. Stepter, Plaintiff refused to sign. (*Id.* at 8.) Plaintiff asserted that he was unaware that the agreement was intended to be a "global" settlement of all his claims. Judge Kinneary then held an evidentiary hearing to determine if the parties had in fact reached a settlement, and if so, to ascertain the terms of it. New counsel represented Plaintiff at that hearing. During the hearing,, Plaintiff's former counsel, Mr. Stepter, testified that the parties had reached a settlement of all of Plaintiff's claims. Judge Kinneary concluded that the parties had reached a full and complete settlement of all issues and claims against CSP. (*Id.* at 12, 13-14.) Judge Kinneary ordered the parties to execute the settlement agreement and dismissed the case with prejudice. (*Id.* at 15.)

Plaintiff again refused [*4] to execute the settlement agreement even after Judge Kinneary's order. Instead, on December 24, 1998, Plaintiff moved to supplement the record with evidence which allegedly showed that Mr. Stepter perjured himself at the evidentiary hearing. (Case No. C2-97-938, Doc. # 59 (Order Denying Pl's Mot. to Supp. Record, at pp. 10-11).) In denying the motion to supplement the record, Judge Kinneary found that Plaintiff effectively failed on his attempt to add documents to the closed record for his claims of perjury because the evidence upon which he relied had been available prior to the hearing and Plaintiff had no explanation for why he did not present it at that time. (*Id.* at 6-8.) Judge Kinneary also found that the remainder of the evidence did not support the allegation of perjury and added nothing new to the record. (*Id.* at 8-9.) Judge Kinneary denied the motion to supplement the record, ruled again that the matter was settled, and entered a final order to that effect. n3

Case 1:02-cv-00378-MRB    Document 18-2    Filed 07/29/2004    Page 4 of 7

Page 4
2003 U.S. Dist. LEXIS 13400, *

> n3 Plaintiff appealed to the Sixth Circuit Court of Appeals. The court determined that Plaintiff was attempting to appeal the earlier decision of the district court enforcing the settlement and found the appeal was untimely. (*Simpson v. Columbus Southern Power Co., 2000 U.S. App. LEXIS 6801,* Appeal No. 99-3250 (6th Cir. April 11, 2000) (unreported).)

[*5]

Stepter subsequently filed an action in state court against CSP and Plaintiff for attorney's fees associated with the above-described action. (*Stepter v. Columbus Souther Power Co.,* Case No. 01CVH-01-930, Franklin Cty. Ct. of Comm. Pls.). CSP answered and filed counterclaims and cross-claims against Mr. Stepter and Plaintiff respectively. (Case No. 01CVH-01-930, Def. CSP's Answer.) In the state court action, Plaintiff did not assert any claims against CSP or Stepter. (Case No. 01CVH-01-930, Def. Simpson's Answer.) n4

> n4 Plaintiff asserts that he discovered the basis for his current perjury charge during the pendency of this state court action. (Compl., at p. 1.) Nonetheless, Plaintiff did not assert the claim of perjury or raise the issue during those state court proceedings.

In the state case, CSP set up a claim for interpleader and deposited the settlement funds with the state court. (Def. CSP's Answer.) The state court then dismissed Plaintiff's claims against CSP with prejudice and discharged CSP from [*6] any and all liability in Mr. Stepter's action and for any other monies allegedly owed to either Mr. Stepter or Plaintiff. (Case No. 01CVH-01-930 Order of Dismissal, 05/02/01.) Plaintiff did not appeal this decision. (Case No. 01CVH-01-930 Notice of Appeal, 04/04/02. n5 ) The state court then granted Mr. Stepter summary judgment on his claim for attorney fees. (Case No. 01CVH-01-930, Order Disbursing Funds, 02/04/02.) In addressing Plaintiff's challenge to the enforceability of the previous settlement agreement, the court held that "the federal court judicially resolved this issue; therefore, the matter is res judicata and will not be relitigated in this court." (*Id.* at 5.) Plaintiff appealed the award, but the state court of appeals dismissed it when Plaintiff failed to file an appellate brief. (Appeal No. 02AP-253, Entry of Dismissal 06/25/02.)

> n5 Plaintiff appealed the state court's decision granting Stepter summary judgment, but did not appeal the issues relating to CSP.

Plaintiff then filed the instant [*7] action *pro se* and attempts to bring a claim of perjury against CSP. n6 Defendants then filed this Motion to Dismiss. Additionally, Defendant requests that the Court impose sanctions in the form of attorneys' fees upon Plaintiff. n7

> n6 The Court is cognizant that Plaintiff is proceeding *pro se* and has thus construed his pleadings somewhat liberally. Even with a generous reading of his Complaint and memorandum, the Court concludes that Plaintiff has only asserted a claim of perjury. The Court notes that Plaintiff has filed a Motion to Amend his original Complaint to assert a claim of fraud. The Court will address this Motion separately.

> n7 The Court notes, however, that Defendant made the request for sanctions in its Motion to Dismiss and not in a separate motion as required by *Fed. R. Civ. P. 11(c)(1)(B).*

On April 9, 2003, Plaintiff filed a Motion to Amend his Complaint to assert a claim for fraud against CSP. Plaintiff contends that CSP perpetrated a fraud against him by keeping from him the fact [*8] that his position allegedly was never eliminated. Defendant CSP opposes the Motion.

**II.**

[HN2] A motion to dismiss for failure to state a claim, pursuant to *Fed. R. Civ. P. 12(b)(6),* "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).* All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); Mayer v. Mylod, 988 F.2d 635, 637 (6th Cir. 1993).* A complaint must contain "either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under viable legal theory." *Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997).* [HN3] While a court may not grant a *Rule 12(b)(6)* motion based on mere disbelief of a complaint's factual allegations, *Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990),* neither is the court required "to accept as true [a complaint's] legal [*9] conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken, 829 F.2d 10, (6th Cir. 1987).*

The Court also recognizes that, in this instance, Plaintiff is proceeding without the benefit of an attorney. [HN4] A *pro se* litigant's pleadings are held to less stringent standards than those pleadings drafted by attorneys. *Haines v. Kerner, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)*. Nevertheless, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States, 508 U.S. 106, 113, 124 L. Ed. 2d 21, 113 S. Ct. 1980 (1993)*; *see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)* ("Neither [the Supreme Court in *Haines v. Kerner*] nor other courts, however, have been willing to abrogate basic pleading essential to pro se suits.").

### III.

At the outset, the Court notes that this case in its entirety appears to be barred by the parties' settlement agreement. Plaintiff "knowingly and voluntarily" entered a settlement agreement of the federal action before Judge Kinneary, which included a "global settlement of any and all claims" [*10] Plaintiff had against Defendant CSP. (Case No. C2-97-938 (Doc. # 48), Order enforcing settlement, at p. 13.) [HN5] "[A] plaintiff who knowingly and voluntarily agrees to settle his claims is bound by that agreement." *Wyche v. Proctor & Gamble, 772 F. Supp. 982, 984 (S.D. Ohio 1990)*; *see Folley v. Henderson, 175 F. Supp. 2d 1007, 1011 (S.D. Ohio 2001)*(same). Insofar as Plaintiff seeks to litigate matters that are subject to the settlement agreement, Defendant CSP is entitled to a dismissal of the Complaint.

In opposition to this conclusion, Plaintiff argues that his claim for perjury is new. He contends that Defendant lied when it said that it "restructured" the corporation such that his position was eliminated when in fact he was laid off. This premise also forms the basis of Plaintiff's request to amend his Complaint to assert a claim for fraud. For the reasons that follow, Plaintiff's claim for perjury and his claim for fraud fail as a matter of law.

### A. Motion to Dismiss - Claim for Perjury

In his Complaint, Plaintiff once again sets forth claims against CSP arising from the circumstances surrounding his termination and the subsequent decision [*11] of the district court enforcing the settlement agreement reached between the parties. In addition to allegations sounding in wrongful termination and claims for benefits under his former employer's disability plans, Plaintiff attempts to assert a claim of perjury against CSP. Specifically, Plaintiff asserts that CSP perjured itself with respect to its articulated reason for his discharge. Plaintiff alleges that CSP told him that the reason for his discharge had been a corporate reorganization that eliminated his position. Plaintiff contends, however, that this reason is false, and that CSP perjured itself when it provided this reason as the justification for his termination.

Plaintiff's claim of perjury involves a question of state law. [HN6] In Ohio, allegations constituting perjury, subornation of perjury and conspiracy to commit perjury, all of which, if proved, may be punishable under criminal statutes, are not recognized as bases for civil lawsuits. *Costell v. Toledo Hospital, 38 Ohio St. 3d 221, 223-24, 527 N.E.2d 858, 860 (1988)*; *Schmidt v. State Aerial Farm Statistics, Inc., 62 Ohio App.2d 48, 51, 403 N.E.2d 1026 (Ohio Ct. App. 1978)*. Because Ohio [*12] law does not recognize a civil cause of action for perjury, Plaintiff's claim fails as a matter of law. Accordingly, Defendant's Motion to Dismiss on the perjury count is GRANTED.

Moreover, to the extent that Plaintiff is alleging a claim for wrongful termination and for disability benefits, or to the extent that his purported claim for perjury is a post-dismissal attempt to relitigate issues that have already been resolved, the doctrine of *res judicata* bars these claims. [HN7] *Res judicata*, also referred to as claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating any claim that was or could have been raised in that action. *See, e.g., Marsh v. Village of Somerset, Ohio Zoning Board, 2003 U.S. Dist. LEXIS 2354, 2003 WL 367245*, *1 (S.D. Ohio 2003)(citing *Federated Department Stores, Inc. v. Mottie, 452 U.S. 394, 398, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981)*). [HN8] A claim is barred by operation of *res judicata* if each of the following elements is present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue [*13] in the subsequent action which was or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Becherer v. Merrill Lynch, 193 F.3d 415, 422 (6th Cir. 1999)*(quoting *Bittinger v. Tecumseh Prods., Co., 123 F.3d 877, 880 (6th Cir 1997))*.

Plaintiff in effect raised allegations of perjury against Mr. Stepter and CSP following Judge Kinneary's decision enforcing the settlement. Judge Kinneary had jurisdiction over the case, rejected those allegations and reaffirmed his determination regarding Mr. Stepter's credibility. Again, CSP and Plaintiff settled the claims for wrongful termination and for disability benefits as well as "any and all claims" against CSP. Further, the state court held that Plaintiffs challenge to the

Case 1:02-cv-00378-MRB  Document 18-2  Filed 07/29/2004  Page 6 of 7

Page 6
2003 U.S. Dist. LEXIS 13400, *

enforcement of the settlement was *res judicata* in that action.

The present case involves the same parties as the original lawsuit before Judge Kinneary; the parties were involved in the state court action. In both of these actions, Plaintiff litigated or attempted to litigate the issues concerning his wrongful termination and his claim for disability benefits. Both of these courts concluded [*14] that Plaintiff has settled this case, and that all claims, including Plaintiff's allegation of perjury, are barred.

This matter involves an identity of the causes of action between this case and the two previous cases because they arise out of the same set of operative facts. Therefore, Defendant's Motion to Dismiss is GRANTED. n8

> n8 Plaintiff's request, liberally construed, may be interpreted as a request for relief under *Fed. R. Civ. Pro. 60(b)*, to the extent he seeks relief from judgment on the grounds of newly discovered evidence. [HN9] The court may relieve a party from final judgment when there is newly discovered evidence which could not have been discovered by due diligence in time to move for a new trial under *Rule 59(b)* or if there was fraud on part of an adverse party. *Fed. R. Civ. P. 60(b)*. Under both grounds for relief the party must file a motion in a timely manner. The Court entered final judgment in the original action on January 12, 1999; Plaintiff initiated this action on November 1, 2002, almost three years later. Plaintiff has not provided a reason why he could not have obtained any evidence with the exercise of due diligence to support his claims here. Further, Plaintiff's action could not succeed under *Rule 60(b)(3)* for relief from judgment based upon fraud or other misconduct by an adverse party. Apart from his repeated allegation that Mr. Stepter lied at the hearing before Judge Kinneary, Plaintiff has not demonstrated that the alleged perjury of his former counsel is attributable to CSP. Therefore, the Motion to Dismiss with respect to the *Rule 60(b)* claim is also GRANTED.

[*15]

### B. Plaintiff's Motion to Amend to Assert Claim of Fraud

On April 3, 2003, Plaintiff filed a Motion to Amend his "petition" to include a claim of fraud, which the Court construes as a motion to amend his Complaint. [HN10] Once a party has answered or otherwise filed a responsive pleading, a party may amend his Complaint only by leave of Court or with the written consent of the adverse party. *Fed. R. Civ. P. 15 (a)*. Rule 15 (a) directs a court to grant leave to amend freely, "when justice so requires." *Id.* When a proposed amendment would be vulnerable to a successful motion to dismiss, however, such an amendment would be futile. *See Foman v. Davis, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)* (citing "futility of amendment" as one possible justification for denying leave to amend); *see also Prebble v. Hinson, 825 F. Supp. 185, 186 (S.D. Ohio 1993)(citing* Moore's Federal Practice P 15.08[4] (2d ed. 1991)). [HN11] A court may correctly deny a plaintiff's motion to amend his complaint to add claims that would be barred by the statute of limitations. *Marx v. Centran Corp., 747 F.2d 1536, 1551 (6th Cir. 1984)*.

Here, Plaintiff [*16] seeks to assert a claim for fraud against CSP. [HN12] The applicable statute of limitations for Plaintiff's claim of fraud, which is controlled by Ohio law, is four years. *Ohio Rev. Code. § 2305.09(C)*. The statute begins to run when a plaintiff discovers, or should have discovered, the injury. *Investors REIT One v. Jacobs, 46 Ohio St. 3d 176, 546 N.E.2d 206 (Ohio 1989); see also Tri-State Computer Exchange v. Burt, 2003 Ohio 3197, 2003 Ohio App. LEXIS 2869, 2003 WL 21414688, *4, Case No. C-020345 (Ohio Ct. App., June 20, 2003)*.

Plaintiff alleges CSP committed the fraud at the November 17, 1998 hearing before Judge Kinneary. After that hearing, Plaintiff moved to supplement the record with an allegation that Mr. Stepter had perjured himself during his testimony. Although Judge Kinneary rejected Plaintiff's claim, the allegation lodged by Plaintiff demonstrates that he knew or should have known of the claim when he moved to supplement the record in December of 1998. Because Plaintiff's fraud allegation is barred by Ohio's four-year statute of limitations, it would be futile to allow him to amend his Complaint to assert the claim only to be met with Defendant's successful motion to dismiss. Therefore, [*17] Plaintiff's Motion to Amend his Complaint is DENIED.

### C. Defendant's Motion for Sanctions Against Plaintiff

Defendant CSP, in its Motion to Dismiss, requests that the Court impose sanctions in the form of attorneys' fees. Defendant notes that this is the sixth court to consider this matter since Plaintiff agreed to settle his claim. n9 Defendant represents that it has spent more time and resources litigating post-settlement than it spent prior to the settlement of his claims. Further, Plaintiff exhibits his intention to persist in this attempt to litigate

Case 1:02-cv-00378-MRB   Document 18-2   Filed 07/29/2004   Page 7 of 7

Page 7
2003 U.S. Dist. LEXIS 13400, *

as indicated by his recent Motion to amend his Complaint.

>n9 (1) United States District Court (Kinneary, J.); (2) the Sixth Circuit Court of Appeals; (3) the United States Supreme Court (denial of writ of certiorari); (4) the state court; and (5) the state court of appeals.

Sanctions against Plaintiff are warranted. Plaintiff continually challenges the settlement agreement on grounds that either were or could have been raised in the prior federal [*18] or state actions. He has been told repeatedly that his claims are settled and barred by *res judicata,* yet he refuses to acknowledge that his case is over. This conduct exhibits extreme bad faith on the part of Plaintiff and reaches to all aspects of this entire case. [HN13] A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc., 501 U.S. 32, 46-50, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); First Bank of Marietta v. Hartford Underwriters Ins., 307 F.3d 501 (6th Cir. 2002).* [HN14] Plaintiff's status as *pro se* party does not insulate him from sanctions for bad faith and abuse of the litigation process.

Accordingly, Plaintiff is hereby **ORDERED** to remit to Defendants $ 1000 as a sanction for his bad faith conduct. In the event Plaintiff claims that he is unable to pay the sanction, he shall notify the Court in writing with a description of his financial condition within 10 days from the date of this Order. If Plaintiff does so notify the Court, the imposition of sanctions will be stayed until such time as the Court [*19] reviews his financial condition.

**IV.**

For the forgoing reasons, Defendant's Motion to Dismiss (including its Motion for Sanctions) (Doc. # 3) is **GRANTED.** Plaintiff's Motion to Amend (Doc. # 11) is **DENIED.** The Clerk is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED 7-14-2003**

**EDMUND A. SARGUS, JR.**

**UNITED STATES DISTRICT JUDGE**