IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE SAMUEL, | : | |
| AS ADMINISTRATOR OF | : | Case No. C-1-02-378 |
| THE ESTATE OF | : | |
| CATHY LYNN TUBBS, et al., | : | Judge Dlott |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| STEVEN M. HOOG, et al., | : | **PLAINTIFFS' MOTION TO STRIKE** |
| | : | **AFFIDAVIT OF TOM LAKAMP,** |
| Defendants | : | **OR, ALTERNATIVELY,** |
| | : | **MOTION FOR OPPORTUNITY TO** |
| | : | **RESPOND PURSUANT TO RULE 56** |

Plaintiffs move to strike the Affidavit of Tom Lakamp and the document attached thereto, filed in support of the defendants' Motion to Dismiss Amended Complaint, on grounds more fully set forth in the memorandum attached hereto. A proposed order is attached.

                                                                        Respectfully submitted,

                                                                        /s/ Barbara Bison Jacobson
                                                                        Barbara Bison Jacobson (0014190)
                                                                         Vorys, Sater, Seymour and Pease LLP
                                                                        221 East Fourth Street, Suite 2000
                                                                        P.O. Box 236
                                                                        Cincinnati, Ohio 45202
                                                                        Telephone – (513) 723-4016
                                                                        Facsimile – (513) 852-8481

                                                                        Trial Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF which will send notification of such filing to Geri Hernandez Geiler, Sr. Assistant City Solicitor, Room 214 City Hall, 801 Plum Street, Cincinnati, Ohio 45202.

                                                   /s/ Barbara Bison Jacobson
                                                   Barbara Bison Jacobson

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE SAMUEL, | : | |
| AS ADMINISTRATOR OF | : | Case No. C-1-02-378 |
| THE ESTATE OF | : | |
| CATHY LYNN TUBBS, et al., | : | Judge Dlott |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| STEVEN M. HOOG, et al., | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **PLAINTIFFS' MOTION TO STRIKE** |
| Defendants | : | **AFFIDAVIT OF TOM LAKAMP** |
| | : | **OR, ALTERNATIVELY,** |
| | : | **MOTION FOR OPPORTUNITY TO** |
| | : | **RESPOND PURSUANT TO RULE 56** |
| | : | |
| Defendants. | : | |

## I.  PRELIMINARY STATEMENT

The "Certification of Public Records" and its attached "run report" filed with the defendants Motion to Dismiss should not be considered by the Court.  In the context of a motion to dismiss, the Federal Rules require a consideration of the allegations made in the plaintiffs' Amended Complaint, viewed in the light most favorable to the plaintiffs.  The "run report" consists of out of court statements, apparently made by the defendants.  Defendants' version of events is irrelevant in the context of a motion to dismiss.  Defendants' efforts to influence this Court's decision by asserting matters outside the pleadings, including the defendants' own hearsay statements should not be tolerated.

Further, defendants' efforts to have this Court effectively take judicial notice of the _truth_ of the matters asserted by defendants in the run report must fail. As the affidavit is irrelevant and unfairly prejudicial, plaintiffs request that it be stricken.

Alternatively, if the Court chooses to consider the documents attached to defendants' Motion to Dismiss, or any other matters outside plaintiffs' Amended Complaint, plaintiffs request an opportunity to submit affidavits in support of a continuance to obtain discovery pursuant to Federal Rule of Civil Procedure 12(b) and 56(f), or otherwise respond, before the Court issues a decision on defendants' motion.

## II.     LAW AND ARGUMENT

Defendants have filed a Motion to Dismiss plaintiffs' claims. However, rather than complying with the letter and spirit of the Federal Rules, Defendants have attached an affidavit and "run report", apparently made by the Defendants, to their Motion to Dismiss. The attached affidavit of Tom Lakamp purports to "certify" the legal conclusion that the run report is a "public record". In their memorandum in support of their Motion to Dismiss, Defendants go on to rely upon statements made in the run report for the truth of the matters asserted therein. Def. Mot. in Supp. p. 3, 4, Affidavit of Tom Lakamp. The very premise of Defendants' argument -- factual allegations that contradict and/or are absent from plaintiffs complaint -- is one which the Court may not accept. Instead, the Court must construe the facts alleged by the plaintiffs and all reasonable inferences therefrom in favor of the plaintiffs, the non-moving parties. See, e.g., Hummel v. City of Carlisle, 229 F.Supp.2d 839, 854 -855 (S.D. Ohio, 2002).

A motion under Rule 12(b)(6) is a challenge to the sufficiency of the allegations of a plaintiff's complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Armengau v. Cline, 7 Fed. Appx. 336, 343, 2001 WL 223857, at *5 (6th Cir., 2001). Under the

Federal Rules of Civil Procedure, courts must accept as true all allegations in the complaint, viewing the allegations in the light most favorable to the party opposing the motion. Great Lakes Steel v. Deggendorf, 716 F.2d 1101, 1105 (6th Cir. 1983). When deciding a motion to dismiss, a court may consider only those matters "properly a part of the complaint or pleadings." Armengau at *5. The Court must construe the facts alleged by the plaintiffs and all reasonable inferences therefrom in favor of the plaintiffs, the non-moving parties. See, e.g., Hummel v. City of Carlisle, 229 F.Supp.2d 839, 854 -855 (S.D. Ohio, 2002). A court may grant a motion under 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see Balderaz v. Porter, 578 F.Supp. 1491, 1494 (S.D.Ohio 1983).

In addition to facts alleged in plaintiffs' Amended Complaint, the Court may consider "any documents attached or incorporated in the Amended Complaint, and public documents of which the Court can take judicial notice." U.S. ex rel. Dingle v. BioPort Corp., 270 F.Supp.2d 968, *971 -973 (W.D.Mich.,2003) (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir.1999), overruled in part on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508-14, 122 S.Ct. 992, 996-99, 152 L.Ed.2d 1 (2002); Yeary v. Goodwill Indus.- Knoxville, Inc., 107 F.3d 443, 445 (6th Cir.1997); Armengau v. Cline, 7 Fed.Appx. 336, 344, 345 (6th Cir.2001). Defendants, apparently attempting to squeeze their hearsay statements into "public documents of which the Court can take judicial notice", argue that the run record should be considered by the Court because it falls within an Ohio state law definition of a "public record". The Ohio statutory definition cited by defendants is not only irrelevant to a determination of what matters can be considered under the Federal Rules, but in addition to the partial definition quoted by the defendants, the code section that they cite goes on to *specifically exclude* "medical records" from

the definition of a public record. Ohio R. C. § 149.43(A)(1) (a) (Anderson 2003); Def. Memo. in Supp., p. 3; See, e.g., Fed. R. Civ. P. 12(b). This section defines medical records as follows:

> "Medical record" means any document or combination of documents, except births, deaths, and the fact of admission to or discharge from a hospital, that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment.

Ohio R. C. § 149.43(A)(3). As the "run report" falls within this exception to the Ohio statutory definition of a public record, defendants' argument fails before it begins.

Defendants' efforts to have this court effectively take judicial notice of the veracity of the statements made in the attached "medical run report" must fail. Judicial notice of adjudicative facts is governed by Federal Rule of Evidence 201. Toth v. Grand Trunk R.R., 306 F.3d 335, 349 (6th Cir.2002). Rule 201(b) provides:

> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). Defendants' hearsay statements made after their refusal to transport, their confrontation with Ms. Tubbs and her family, and after they became aware that an attorney had witnessed their statements and conduct, are not only clearly subject to reasonable dispute, but are inherently suspect. Because the defendants' out of court statements are not "generally known within [this jurisdiction]", nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," the Court should not consider, much less take judicial notice of defendants' proffered statements or any allegations of fact therein, especially in the context of defendants' motion to dismiss.[1]

---

[1] If the Court chooses to consider these statements notwithstanding their source and the posture of this case, plaintiffs request an opportunity to be heard pursuant to Federal Rule of Evidence 201(e).

If the Court does decide to consider the documents attached to the defendants' Motion to Dismiss, the plaintiffs request that the Court either deny defendants' motion, or in the alternative, provide plaintiffs with an opportunity to obtain affidavits in support of a continuance pursuant to Federal Rules of Civil Procedure 12(b) and 56(f).[2]

### III.   CONCLUSION

For all of the foregoing reasons, the Court should strike the "Certification of Public Records" and attached documents filed in support of Defendants' Motion to Dismiss First Amended Complaint.

                                        Respectfully submitted,

                                        /s/ Barbara Bison Jacobson
                                        Barbara Bison Jacobson (0014190)
                                        Vorys, Sater, Seymour and Pease LLP
                                        221 East Fourth Street, Suite 2000
                                        P.O. Box 236
                                        Cincinnati, Ohio 45202
                                        Telephone – (513) 723-4016
                                        Facsimile – (513) 852-8481

                                        Trial Attorney for Plaintiffs

---

[2] Federal Rule of Civil Procedure provides that:

> If, on a motion asserting the defense numbered (6) ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b); Nieman v. NLO, Inc., 108 F.3d 1546, 1554 (6th Cir. 1997).

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF which will send notification of such filing to Geri Hernandez Geiler, Sr. Assistant City Solicitor, Room 214 City Hall, 801 Plum Street, Cincinnati, Ohio 45202.

                                                               /s/ Barbara Bison Jacobson
                                                               Barbara Bison Jacobson