UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE SAMUEL, Adm. of Estate of Cathy Lynn Tubbs, et al., | : | Case No. C-1-02-378 |
| | : | Judge Dlott |
| PLAINTIFFS | : | |
| | : | **DEFENDANTS' MEMORANDUM OPPOSING PLAINTIFFS' MOTION TO STRIKE AFFIDAVIT OF TOM LAKAMP AND THE ATTACHED "MEDICAL RUN REPORT"** |
| v. | : | |
| STEVEN M. HOOG, et al. | : | |
| DEFENDANTS. | : | |

A.  **THE MEDICAL RUN REPORT IS ADMISSIBLE BECAUSE THE INFORMATION IN IT THAT DEFENDANTS RELY UPON IS NON-MEDICAL INFORMATION.**

The medical records exception to the definition of what constitutes a public record provides:

> "Medical record" means any document or combination of documents, except births, deaths, and the fact of admission to or discharge from a hospital, that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment.

Ohio R. C. § 149.43(A)(3). But the Ohio Attorney General has opined:

> Information on a run sheet that satisfies the medical records exception of RC § 149.43(A)(1)(a), but that is not also subject to the exception of RC § 149.43(A)(1)(p), may be released to the public in response to a public records request, **but a county EMS organization is under no obligation to do so: OAG No. 99-006 (1999). [Emphasis added].**

> [and] . . .

> When a run sheet is created and maintained by a county emergency medical services (EMS) organization, **all information on the run sheet that does not satisfy either the medical records exception**, RC § 149.43(A)(1)(a), or the

1

> exception for "records the release of which is prohibited by state or federal law," RC § 149.43(A)(1)(p), is a public record and must be disclosed pursuant to RC § 149.43(B). [Emphasis added].

OAG No. 99-006 (1999). Ohio R. C. § 149.43(A)(1)(p) provides in relevant part: "'Public record' does not mean . . . Peace officer, firefighter, or EMT residential and familial information; it does not apply in the instant case. Thus, on a medical run sheet, only information pertaining to the medical history, diagnosis, prognosis, or medical condition of a patient is covered by the "medical records" exception, and all other information is a public record and may be disclosed.

Plaintiffs, urging the court to not admit the medical run report submitted by Defendants, hyperbolically declare: "Defendants even go so far as to take the extraordinary step of attaching a document that purports to be a 'medical run report' filled out by one or more of the Defendants, and assert and rely upon the truth of these statements." (Pl. Memo. in Opp., 6). However, Plaintiffs do not indicate which of "these statements" on the medical run report Defendants assert and rely upon. Indeed, the only "statement" that Defendants rely upon is the "statement" of the time that the firefighters arrived on the scene and the time that they transported Ms. Tubbs. (See Def. Motion to Dismiss, 3). This is clearly not information pertaining to "the medical history, diagnosis, prognosis, or medical condition" of Ms. Tubbs. Defendants do not rely on the medical run report for an assessment of Ms. Tubb's medical condition. Neither do Defendants rely on the medical run report for any statements attributable to FF Hoog or FF/Paramedic Lotz. Nowhere except in reference to the times of arrival and transportation do Defendants cite to the medical run report. These are the only "adjudicative facts" of which Defendants ask the court to take notice on this Motion, and they are not covered by the "medical records" exception. Nor does Plaintiff dispute the times stated by Defendants.

The medical run report is only used by Defendants to show the time of arrival of the firefighters and the time that Ms. Tubbs was transported. There is no medical component to this information, and the "medical run report" should therefore be admissible.

WHEREFORE, Defendants pray for an Order dismissing Plaintiff's Amended Complaint with prejudice and all other relief to which they may be entitled.

Respectfully submitted,

JULIA L. McNEIL (0043535)
City Solicitor


/s/:  Geri Hernandez Geiler
**GERI HERNANDEZ GEILER** (0042081)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph. (513) 352-3334
geri.geiler@cincinnati-oh.gov

Trial Attorney for Defendants
Firefighters Hoog and Lotz

## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Barbara Bison Jacobson.  I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:    n/a.

/s/: Geri Hernandez Geiler
**GERI HERNANDEZ GEILER (0042081)**
Atty. Reg. No. 0042081
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.: (513) 352-3338
Fax: (513) 352-1515
Email: geri.geiler@cincinnati-oh.gov
