**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **JANIE SAMUEL, Adm. of Estate of Cathy Lynn Tubbs, et al.,** | : : : | **Case No. C-1-02-378** |
|  | : | **Judge Dlott** |
| **PLAINTIFFS** | : : | **DEFENDANTS' MOTION TO STAY DISCOVERY, INCLUDING ALL PUBLIC RECORDS REQUESTS** |
| **v.** | : |  |
| **STEVEN M. HOOG, et al.** | : |  |
| **DEFENDANTS.** | : |  |

Now come Defendants, Firefighters Steven M. Hoog and Michael A. Lotz, by and through counsel, and hereby move this Court for a written Order staying discovery in this case, including public records requests, pending the decision on the Defendants' Motion to Dismiss. A Memorandum in Support is set forth below.

**MEMORANDUM IN SUPPORT**

On June 28, 2004, during a telephone conference with the previously assigned Judge, Plaintiffs' counsel agreed that discovery should not ensue pending the Court's decision on the Motion to Dismiss First Amended Complaint. The Court placed of record an Order (Doc. # 17) scheduling the Defendants' motion to dismiss. No discovery deadlines or other provisions for discovery were provided in the Order, presumably as a result of the parties' previous agreement not to conduct discovery.

After an agreed extension, on July 29, 2004, Defendants filed a Motion to Dismiss First Amended Complaint. (Doc. #18). No discovery had been conducted until, by letter dated October 14, 2004, Plaintiffs' counsel sent to the Cincinnati Fire

Department a public records request relating to this case.  (See Ex. A, Letter dated 10/14/04).  The request for public records is nothing more than an attempt to circumvent the rules of discovery and Plaintiffs' counsels' previous agreement not to engage in discovery pending the decision on the Motion to Dismiss First Amended Complaint.  The Defendants now move for a written Order Staying Discovery, Including Public Records Requests based on at least four grounds.

First, the use of Ohio Revised Code Section 149.43 by a litigant to circumvent the discovery process is improper.  See, e.g., State of Ohio ex rel. Perrysburg Township v. City of Rossford, 148 Ohio App.3d 72 (2002).  Although the request is directed to the Cincinnati Fire Department (not itself a legal entity) and not directly to the individual Firefighters, the City represents both Defendant Firefighters, in their individual and official capacities.  Therefore, any attempt to separate the Defendant Firefighters and the City for purposes of conducting discovery and requesting public records is ineffective.

Once a litigant becomes subject to the jurisdiction of a court of law, whether by choice or by compulsion, she cannot simply choose to ignore the court's rules of procedure when it suits her purpose.  Id.; State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420 (1994). The Ohio Supreme Court has recognized that R.C. 149.43, the Ohio public records law, is procedural in nature, and is, therefore, subordinate to applicable rules of discovery.  See Steckman at 432.  In the criminal context, the Ohio Supreme Court has corrected the chaos caused by litigants who manipulate the public records law in an attempt to circumvent more restrictive discovery rules.  Id.  In Steckman, the Court acknowledged that criminal defendants were effectively creating an uneven "playing field" in their favor by using public records requests, which afforded them broader access to records than would criminal discovery rules.  Id. at 428-29.  Such one-sided increased

access, the Court concluded, did not serve well the criminal justice system.  Id.
Accordingly, a criminal defendant (during the criminal proceedings) is now prohibited
from obtaining discovery through any procedure other than criminal discovery.  Id. at ¶2
of the syllabus.

    For the same reasons, civil litigants ought to be prohibited from obtaining
discovery through any procedure other than civil discovery; they too should be required
to adhere to the rules of procedure.  Without a Steckman-like ruling, a private litigant in
civil litigation may embark on a fishing expedition by making broad public records
requests that are not "reasonably calculated to lead to the discovery of admissible
evidence."  In short, the private litigant is unfettered, while the public office litigant is
not.  The playing field is not level, and the odds are stacked against the public office, in
this case, two Cincinnati Firefighters.  In the criminal context, such unequal positioning
does a disservice to the integrity of the civil justice system.  See Steckman at 428.

    When confronted with precisely this situation, the Sixth District Appellate Court
applied Steckman's reasoning and refused to permit a civil plaintiff to avoid applicable
discovery rules.  Perrysburg, supra.  In Perrysburg, the township initiated two separate
lawsuits against the city of Rossford, and the township attached to the complaints
requests for production of documents.  Id. at 72.  On the same day that it filed its
complaints, the township separately made public records requests for the same materials.
 Id.  In defending the subsequent mandamus action, Rossford relied on Steckman,
arguing that it ought not to be forced to respond to public records requests, but that the
township should have to adhere to the rules of discovery to which it voluntarily subjected
itself.  The court agreed:

> Similar to the analysis found in the <u>Steckman</u> case, we find * * * that the use of R.C. 149.43 by a litigant to circumvent the discovery process is improper. Having filed the lawsuit, Perrysburg subjected itself to the discovery process to obtain the information rather than through R.C. 149.42.  A mandamus action under R.C. 149.43 cannot be used to circumvent the civil discovery rules.  Similar to the Freedom of Information Act, Ohio's Public Record Act was not enacted to benefit private litigants by giving them an alternative to the discovery rules of Ohio's Rules of Civil Procedures.  [Citations omitted].

<u>Id.</u> at 77.  Just as the court held in <u>Perrysburg</u> and <u>Steckman</u>, the Plaintiffs herein should not be allowed to circumvent the rules of discovery, and additionally, the precedent set forth by the United States Supreme Court (See <u>Harlow v. Fitzgerald</u>, infra), by making a public records request.

Second, the Defendants have raised the defense of qualified immunity.  Pursuant to <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982), the Defendants should not be subjected to discovery prior to a decision on their Motion to Dismiss First Amended Complaint.  The doctrine of qualified immunity recognizes that litigation is costly and time-consuming to defendants and is properly analyzed by courts at the outset of litigation.  The qualified immunity defense is to be adjudicated at the earliest possible stage of a litigation.  <u>Anderson v. Creighton</u>, 483 U.S. 635, 646, n.6.  A defendant protected by qualified immunity from suit is entitled to dismissal before the commencement of discovery.  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).  Discover, in this context, must include public records requests.

Third, the requests are improper, as a public office has no duty to fulfill requests for specific information.  Request No. 1 states:

> Cincinnati Fire Department Medical Run Reports and any other records relating to emergency medical services that (a) were created or filled out by, or which name, identify, include the badge number of, or relate to any response, request for assistance or incident involving **Firefighter Steven M. Hoog and/or Firefighter Michael A. Lotz** (b)between May 29, 1998 and July 1, 2000.

Request No. 2 states:

> Any and all documents relating in any way to Cathy Lynn Tubbs, Firefighter
> Steven M. Hoog and/or Firefighter Michael A. Lotz regarding an incident
> involving Cathy Lynn Tubbs that occurred on or about May 29, 2000.

Request No. 3 states:

> Any and all run reports relating to Cathy Lynn Tubbs.

The City is not required to sift through thousands of run reports in order to provide records which pertain solely to Firefighters Hoog and Lotz.  See State ex rel. Dillery v. Icsman, 92 Ohio St.3d 312 (2001); State ex re. Zauderer v. Joseph, 62 Ohio App.3d 752 (1989); See also, State ex rel. Thomas v. Ohio State University, 71 Ohio St.3d 245 (1994) (writ denied where request sought respondents to search for records containing selected information).  In Dillery, a criminal defendant made a public records request to the police department for "any and all records generated, in the possession of your department, containing any reference whatsoever to Kelly Dillery."  Id. at 314.  The Ohio Supreme Court denied the requested writ and determined that the request was not a proper public records request due to its lack of specificity.  A proper public records request specifies the *records* sought, not the *information* sought.  Thomas v. OSU, 71 Ohio St.3d 245 (1994); State ex rel. Fant v. Tober, 1993 Ohio App. LEXIS 2591, aff'd in 68 Ohio St.3d 117.  Nor is it appropriate to identify the records sought by describing the context in which they were created.  See Zauderer, supra.

Fourth and finally, the records requested contain confidential information regarding patients who have not waived their rights under HIPPA.  45 C.F.R. §164.502 (covered entities may not use or disclose protected health information without consent or authorization).

For the following reasons the Defendants move this Court for an Order Staying Discovery, Including Public Records Requests.

Respectfully submitted,


JULIA L. McNEIL (0043535)
City Solicitor


/s/: Geri Hernandez Geiler
**GERI HERNANDEZ GEILER** (0042081)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph. (513) 352-3334
Email: geri.geiler@cincinnati-oh.gov
Trial Attorney for Defendants
Firefighters Hoog and Lotz


## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

        I hereby certify that on November 4, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following: Barbara Bison Jacobson and Ward B. Washington at wbwashington@vssp.com.  I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: n/a.


/s/: Geri Hernandez Geiler
**GERI HERNANDEZ GEILER (0042081)**
Atty. Reg. No. 0042081
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph.: (513) 352-3338
Fax: (513) 352-1515
Email: geri.geiler@cincinnati-oh.gov