IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE SAMUEL, | : | |
| AS ADMINISTRATOR OF | : | Case No. C-1-02-378 |
| THE ESTATE OF | : | |
| CATHY LYNN TUBBS, et al., | : | Judge Michael H. Watson |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| STEVEN M. HOOG, et al., | : | **MEMORANDUM IN OPPOSITION** |
| | : | **TO DEFENDANTS' MOTION TO** |
| Defendants | : | **STAY DISCOVERY INCLUDING** |
| | : | **ALL PUBLIC RECORDS** |
| | : | **REQUESTS** |

## I.     PRELIMINARY STATEMENT

No stay of discovery is necessary in this case.  The undersigned counsel has agreed not

to, and has not, engaged in discovery pending the resolution of Defendants' motion to dismiss.

Further, although Defendants style their motion as seeking a "stay" of discovery,  public records

requests directed to third parties under Ohio statutory law are not an aspect of litigation that can

be "stayed."   Instead, Defendants apparently seek to enjoin Plaintiffs from exercising rights

granted to them under Ohio's Public Records Act.   Defendants' invitation to this Court to

foreclose Plaintiffs' state law rights to obtain public records notwithstanding the Defendants'

complete failure to establish their entitlement to any such extraordinary relief must be declined.

Defendants' motion should be denied.

## II.    LAW AND ARGUMENT

### The Public Records Request Was Directed To A Third-Party Non-Litigant And Requires No Action By The Defendants

The public records request attached to Defendants' Motion to Stay was directed to Fred Prather, a custodian of public records at the City of Cincinnati.[1]  As an initial matter, Defendants' memorandum in support of their Motion to Stay suggests some confusion on their part with regard to the identity of the parties to this litigation, and of those representing Defendants' legal interests.  Defendants state:

> Although the request is directed to the Cincinnati Fire Department (not itself a legal entity) and not directly to the individual Firefighters, the City represents both Defendant Firefighters, in their individual and official capacities.  Therefore, any attempt to separate the Defendant Firefighters and the City for purposes of conducting discovery and requesting public records is ineffective.

Def's Memo. in  Supp. Mot. to Stay, p. 2.  In fact, it is not "the City" that is representing Defendants Hoog and Lotz, but Ms. Geiler and other attorneys at the City Solicitor's office.  The only defendants in this case are Messrs. Hoog and Lotz.  Thus, although Defendants' chosen counsel is also one of the City of Cincinnati's attorneys, Defendants' choice of Ms. Geiler and other city solicitors as legal counsel does not make the City of Cincinnati a party to this action.  This fact bears repeating -  the City of Cincinnati is not a party to this litigation.  Likewise, Fred Prather, the custodian of the public records sought in the public records request, is also not a party to this litigation.  Thus, there is no need to "attempt to separate" the City of Cincinnati and Defendants Hoog and Lotz – they are distinct entities.

Defendants' counsel, who is apparently also representing the public records custodian, Mr. Prather, appears to have conflated her obligations with regard to these separate representations in Defendants' Motion  to Stay.  Although the argument underlying the present

---

[1] Defendants incorrectly state that the request was directed to the Cincinnati Fire Department.  Def's Memo. in Supp. Mot. to Stay, p. 2.

motion may be an appropriate, though weak, response to some future mandamus action against Mr. Prather in state court, Defendants' current motion, filed in this Court, in this litigation, is simply inappropriate. Neither Defendants, nor Mr. Prather have any legal basis for challenging the public records request in this manner, or in this forum. The mere fact that the public records sought from another one of Defendants' attorney's clients may be damaging to the Defendants' case in the present litigation does not provide Defendants with any legal basis for challenging this or any other public records request. If Mr. Prather has defenses to assert in a subsequent mandamus action against him, Defendants' counsel will have every opportunity to defend Mr. Prather's refusal in her capacity as Mr. Prather's counsel *in that action*.

## The Public Records Request is Just Right: Defendants' Arguments Grow Curiouser and Curiouser

Defendants attached what purports to be a run report, including private medical information and the social security number of the decedent, Cathy Lynn Tubbs, to their Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. 18). This run report is the subject of a currently pending motion to strike. (Doc. 21). In their memorandum in opposition to Plaintiffs' motion to strike the run report, Defendants argued strenuously that the run report was a public record under Ohio Revised Code section 149.43. See Doc. 23. However, Defendants now claim in the context of their motion to "stay" public records requests that Fred Prather, a non-litigant, third-party public records custodian shouldn't have to provide the requested run reports because "the records requested contain confidential information." Def's Memo. in Supp. Mot. to Stay, p. 5. Contrary to Defendants' apparent position(s), public records custodians have an obligation to provide access to public documents under R.C. 149.43. See, generally, Ohio Rev. Code § 149.43.

In another of Defendants' justifications for Mr. Prather's refusal to provide public records, Defendants go on to assert the unsupported and improbable proposition that the records custodian shouldn't have to provide the records because "the requests are improper, as a public office has *no duty to fulfill requests for specific information*." Def's Memo. in Supp. Mot. to Stay, p. 4 (emphasis added). Lest the Court be misled into believing that a records requests for "general information" would be proper, however, Defendants acknowledge that the Ohio Supreme Court has denied a writ of mandamus when a records request "was not a proper public records request *due to its lack of specificity*." Def. Mem. in Supp. Mot. to Stay, p. 5 (emphasis added).

Although the contradictory and conflicting arguments asserted in Defendants' filings in this litigation may be explained to some extent by Defense Counsel's apparent attempts to simultaneously represent the somewhat conflicting interests of Defendants Hoog and Lotz on the one hand, and public records custodian Fred Prather on the other, perhaps more curious is the fact that Defendants have elected to argue the propriety of Mr. Prather's refusal in this litigation at all.

<u>**Defendants' Asserted Justifications For Mr. Prather's Failure To Provide Requested Public Records Are Irrelevant And Should Not Be Asserted In This Litigation**</u>

Under Ohio Revised Code section 149.43 et seq., if a custodian of public records believes that a request is improper, he has the option, as Defendants' counsel has done on behalf of Fred Prather, of refusing to produce the requested records. Mr. Prather has obtained all of the relief to which he is entitled at this time – he has simply refused to comply with the request. Under clearly established Ohio law, if the person requesting the public documents believes that the custodian's refusal is improper, then "mandamus is the proper and only procedure to be used in enforcing alleged R.C. 149.43 rights…." <u>State ex rel. Steckman v. Jackson</u>, 70 Ohio St. 3d 420,

439 (1994).  Pursuant to section 149.43 et seq., the mandamus action may be brought in an Ohio State Court of Common Pleas, or in the Ohio Court of Appeals or Supreme Court.

However, rather than being satisfied with the public record custodian's refusal to provide access to the public records requested, and notwithstanding this established statutory procedure, Defendants spend the bulk of their Memorandum in Support of Motion to Stay Discovery arguing the merits of Mr. Prather's refusal to provide what Defendants have already argued are public documents.  By using the present litigation to advance Mr. Prather's interests, Defendants are apparently attempting to foreclose any resort to the sole procedure for challenging Mr. Prather's refusal:  a mandamus action in State court.  Notwithstanding the fact that Mr. Prather and the Defendants share the same attorney(s), Mr. Prather's interest in avoiding a mandamus action is separate and distinct from any issue properly before this Court.  As a result, neither Mr. Prather nor Defendants have standing to challenge any such public records request in this litigation.  Defendants' attempt to sidestep the established procedure of Ohio Revised Code section 149.43 *et seq*. should not be endorsed by this court.

### Defendants Are Not Entitled To An Injunction Against Plaintiffs

Although Defendants claim that Plaintiffs are *not entitled to avail themselves of the discovery rules* pending resolution of Defendants' pending motion to dismiss, Def's Memo. in Supp. Mot. to Stay, p. 4 ("Defendants should not be subjected to discovery prior to a decision on their Motion to Dismiss First Amended Complaint"), Defendants go on to argue that Plaintiffs should not be entitled to public records under Ohio's Public Records Act – *because Plaintiffs have the civil discovery rules*.  See Def's Memo in Supp. Mot. to Stay, p. 3.  Defendants have asked this Court to prevent Plaintiffs from obtaining public records from a non-litigant third party, based upon Defendants' unsupported claim that "civil litigants ought to be prohibited from

obtaining discovery through any procedure other than civil discovery…." Def's Memo in Supp. Mot. to Stay, p. 3. Defendants' equivocal use of the term "discovery" betrays the weakness of their argument. If by "discovery" Defendants mean document requests, interrogatories and the other formal means of obtaining information from an opposing party in the context of litigation governed by the Rules of Civil Procedure, then their claim is tautological and empty. However, if by "discovery" the Defendants mean "information," then their claim would seem to preclude any informal means or method of investigation or preparation, such as interviewing non-party witnesses. Nowhere in Ohio law, either statutory or decisional, is there support for this latter interpretation of Defendants' assertion.

Defendants' use of the term "discovery" in this equivocal manner is an apparent result of their inability to establish any entitlement to the extraordinary relief which they seek. Defendants cannot establish that they are entitled to an order from this Court enjoining Plaintiffs from exercising their statutory rights to obtain public records from third-party public document custodians, the actual relief that they seek. Instead, Defendants paper over the fact that they are not entitled to relief by attempting to force public records requests into some unrecognizable definition of "discovery" – which is something that this Court can simply "stay." Notwithstanding Defendants' linguistic efforts, no reasonable definition of "discovery" can include the obtaining of documents from non-parties to litigation through processes that are available to every person outside of the context of litigation. See, e.g. Def's Memo in Supp. Mot. to Stay, p. 3. Thus, although Defendants style their motion as a request for a "stay," what they are actually asking this Court to do is to enjoin Plaintiffs from exercising their statutory rights under Ohio law.

Defendants are asking this Court to enjoin Plaintiffs from investigating, researching or otherwise preparing their case by the use of public record requests to persons or entities that are not parties to the present litigation.  Rather than merely seeking to "stay" discovery, Defendants' motion is a back-door attempt to circumvent the Ohio statutory procedure that is available to any individual that has had a public records request denied – the ability to seek mandamus against the non-complying records custodian.  However, Defendants do not even pretend to establish their entitlement to such an injunction.  See, e.g. Fed. R. Civ. Proc. 65; International Longshoremen's Ass'n Local 1937 v. Norfolk Southern Corp., 927 F.2d 900, 903 (6th Cir. 1991).

### There Is No Legal Basis Nor Sound Judicial Reason To Grant Defendants' Requested Relief.

Both of the cases cited by Defendants in support of their argument that this Court should issue a "Steckman-like" decision, counsel against such a decision.  See State ex rel. Steckman v. Jackson, 70 Ohio St. 3d 420, 439 (1994).; State ex rel. Perrysburg Township v. City of Rossford et al., 148 Ohio App. 3d 72, 75 (6th Dist., 2002).  Notably, both of these decisions were decided in the context of mandamus actions challenging the records custodian's refusal to provide public records.  More fundamentally, both decisions involved situations where one party to litigation was using public records requests to obtain documents from the opposing party.  In both cases, the parties had already attempted to obtain the same documents through the use of discovery rules and had been unsuccessful.  Needless to say, neither case provides a basis for Defendants' requested relief in the case at bar.

Apparently because of the complete absence of legal authority supporting Defendants' requested relief, Defendants ultimately resort to criticizing the state of Ohio law and invite this Court to either ignore it or change it.  See Def's Memo. in Supp. Mot. to Stay, p. 3.  However, Defendants' proffered justification for such a decision, that "without a Steckman-like ruling ….

The playing field is not level, and the odds are stacked against the public office, in this case, two Cincinnati Firefighters," is disingenuous, at best.  See e.g. Def's Memo. in Supp. Mot. to Stay, p. 3. Defendants' claim is unsupported by fact or law.

Although Defendants acknowledge that under the Health Insurance Portability and Accountability Act ("HIPAA"), "covered entities may not use or disclose protected health information without consent or authorization", the fact is that Defendants, whether because of their own or their counsel's unique access to City of Cincinnati documents, have demonstrated that they already have access to the medical run reports sought in the public records request directed to Fred Prather, including copies of entire medical run reports containing information that Defendants concede to be "confidential"  See e.g. Def's Memo. in Supp. Mot. to Stay, p. 5. No matter what means were utilized by the Defendants to obtain the document that purports to be Ms. Tubbs' run report, there can be no legitimate argument that allowing a plaintiff to have lesser access to whatever portion of this and other run reports are public records under Ohio law, would somehow "stack the odds" against Defendants Hoog and Lotz.  In fact, under Ohio's public record laws, Defendants have the same right to obtain public records as the Plaintiffs.  As a result, Defendants' invitation to this Court to ignore or rewrite Ohio's public records laws must be rejected.

Rather than being sheltered from the consequences of his failure to comply with Ohio statutory law by the happenstance of his attorney's involvement in another case, the public records custodian should have to defend his refusal to provide the requested public records in a mandamus action should it be filed, as intended by the Ohio legislature.  Defendants' attempt to foreclose any such action by having this Court "stay" any public records requests relating to the

subject matter of the pending litigation must fail.  Defendants have not met their burden of establishing that they are entitled to such  extraordinary relief.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery Including All Public Records Requests should be denied.

Respectfully submitted,


 s/ Barbara Bison Jacobson
Barbara Bison Jacobson (0014190)
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street, Suite 2000
P.O. Box 236
Cincinnati, Ohio 45202
Telephone – (513) 723-4016
Facsimile – (513) 852-8481

Trial Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF which will send notification of such filing to Geri Hernandez Geiler, Sr. Assistant City Solicitor, Room 214 City Hall, 801 Plum Street, Cincinnati, Ohio 45202.


 /s Barbara Bison Jacobson
Barbara Bison Jacobson

9