**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **JANIE SAMUEL, Adm. of** | : | **Case No. C-1-02-378** |
| **Estate of Cathy Lynn Tubbs, et** | : |  |
| **al.,** |  | **Judge Dlott** |
|  | : |  |
| **PLAINTIFFS** | : | **DEFENDANTS' REPLY TO** |
|  | : | **PLAINTIFFS' MEMORANDUM** |
| **v.** |  | **IN OPPOSITION TO MOTION** |
|  | : | **TO STAY DISCOVERY** |
| **STEVEN M. HOOG, et al.** |  |  |
|  | : |  |
| **DEFENDANTS.** |  |  |

Now come Defendants Firefighters Steven M. Hoog and Michael A. Lotz and hereby reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay Discovery.

**I.      A SUIT AGAINST A PUBLIC OFFICIAL IN THEIR OFFICIAL CAPACITY IS A SUIT AGAINST THE PUBLIC ENTITY.**

As Plaintiffs have sued the Defendant Firefighters in both their individual and official capacities, Plaintiffs' suit against the Defendant Firefighters is, in fact, a suit against the City of Cincinnati, a governmental entity, in addition to being a suit against the Firefighters in their personal capacities.  In Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099 (1985), the Supreme Court sought to eliminate lingering confusion about the distinction between personal and official-capacity suits.  The Court emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Id.,* at 165 (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018 (1978)).

1

Suits against state officials in their official capacity therefore should be treated as suits against the *State*.  Hafter v. Melo, 502 U.S. 2125, 112 S.Ct. 358, citing 473 U.S. at 166. In Shepard v. Wellman, 313 F.3d 963 (6th Cir. 2002), the Sixth Circuit explained that officials are put on notice that suits are brought against them in their individual capacities when claims are made for punitive damages and when their affirmative defensives, such as qualified immunity, are raised in response to the claims made against them.  Shepard at  968

Plaintiffs' First Amended Complaint indicates that the Firefighters are being sued in both their individual and official capacities.  Plaintiffs' First Amended Complaint names Defendants as "Steven M. Hoog[,] City of Cincinnati Fire Department[,] Engine Co. 23. . . And Michael A. Lotz, City of Cincinnati Fire Department[,] Engine Co. 23. . ." and then provides each of their home addresses.  The title, therefore, suggests they are being sued as agents of the City of Cincinnati and this is, in effect, a suit against their employer, the City of Cincinnati.  Additionally, the nature of Plaintiffs' claims involve actions taken by the Firefighters in their official capacities as emergency medical technicians employed by the City.  Likewise, the suit seeks punitive damages against the two Firefighters and they have already raised the defense of qualified immunity in response to Plaintiffs' allegations.  Therefore, they are being sued in their individual as well as their official capacities.

Just as their attempt to disguise their public records request as something other than a way to skirt the rules of discovery must fail, Plaintiffs' attempt to label the Firefighters, the City, and the custodian of public records for the Fire Department as separate entities, must also fail.  It is plain and obvious that Plaintiffs are suing agents of

the City and that the City is therefore, a real party in interest.  The City is not, as Plaintiffs have labeled it, "a non-litigant third party."  Plaintiffs' attempt to obtain records from the City at this juncture is inappropriate and their lack of citation to any legal authority supporting their argument demonstrates that fact.

As a practical matter even, Plaintiffs' argument that they seek documents from someone other than the two Firefighters – some entity not named as a party in this suit – ignores the obvious.  If not for this lawsuit, and if not for the Defendants' Motion to Dismiss this lawsuit, Plaintiffs would not currently be seeking any run reports.  They seek the run reports only to further their interests in the litigation, that is, they seek the run reports in hopes of being able to defeat the Defendants' Motion to Dismiss.  The Motion to Dismiss points out that the First Amended Complaint is insufficient because it fails to name individuals who were treated differently than Plaintiffs' decedent, based on race.  Plaintiffs failed to name any such individuals; they now realize their fatal flaw and now seek to correct it by attempting this fishing expedition.  If this were not the case, Plaintiffs would wait for the decision on the Motion to Dismiss, and if it is overruled, then seek the documents through the normal course of discovery.  To ignore such an obvious scheme is to recognize as legitimate Plaintiffs' attempt to circumvent the Civil Rules requiring litigants to perform pre-litigation discovery (Civil Rule 11) and refrain from conducting discovery pending the resolution of the defense of qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727; Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985).

## II.    THE REQUESTED DOCUMENTS CONTAIN CONFIDENTIAL INFORMATION.

Plaintiffs misconstrue the City's argument regarding the confidentiality of the run reports.  First and foremost, Plaintiffs have waived any argument they might have had regarding the City's use of the run report relating to the decedent, Cathy Lynn Tubbs, in that they have provided most, if not all, of the information contained in the run report in the First Amended Complaint, including Tubbs' medical history, diagnosis and/or medical condition and even symptoms related to the medical condition.  (See Doc. #15, First Amended Complaint, ¶¶ 11, 13, 22, 34).  As proven by Plaintiffs' First Amended Complaint, Plaintiffs have already disclosed Tubbs' medical history.  The only statement contained in the run report attached to Defendant's Motion to Dismiss upon which Defendants rely, is the statement of the time that the firefighters arrived on the scene and the time that they transported Ms. Tubbs, a mere 17 minutes.  (See Def. Motion to Dismiss, 3).  This is clearly not information pertaining to "the medical history, diagnosis, prognosis, or medical condition" of Ms. Tubbs.  Defendants do not rely on the medical run report for an assessment of Ms. Tubb's medical condition and the use of such a public record was appropriate in the Motion to Dismiss.  Moreover, Plaintiffs cannot complain that they were not provided a copy of the document.

The City does not argue that the run reports are confidential in their totality; only that the request, as made by Plaintiffs, would improperly require disclosure of confidential information.  The medical records exception to the definition of what constitutes a public record provides:

**"Medical record" means any document or combination of documents, except births, deaths, and the fact of admission to or discharge from a**

4

**hospital, that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment.**

Ohio R. C. § 149.43(A)(3).  But the Ohio Attorney General has opined:

Information on a run sheet that satisfies the medical records exception of RC § 149.43(A)(1)(a), but that is not also subject to the exception of RC § 149.43(A)(1)(p), may be released to the public in response to a public records request, but a county EMS organization is under no obligation to do so: OAG No. 99-006 (1999).

[and] . . .

When a run sheet is created and maintained by a county emergency medical services (EMS) organization, **all information on the run sheet that does not satisfy either the medical records exception**, RC § 149.43(A)(1)(a), or the exception for "records the release of which is prohibited by state or federal law," RC § 149.43(A)(1)(p), is a public record and must be disclosed pursuant to RC § 149.43(B).  [Emphasis added].

OAG No. 99-006 (1999).[1]  Thus, on a medical run sheet, only information pertaining to the medical history, diagnosis, prognosis, or medical condition of a patient is covered by the "medical records" exception, and all other information is a public record and may be disclosed – **if** it does not otherwise violate the rules of discovery, as Plaintiffs' request herein does.  See State of Ohio ex rel. Perrysburg Township v. City of Rossford, 148 Ohio App.3d 72, 772 N.E.2d 152 (2002); State ex rel. Steckman v. Jackson, 70 Ohio St.3d 420, 639 N.E.2d 83 (1994).

## II.    PLAINTIFFS HAVE SUBJECTED THEMSELVES TO THE JURISDICTION OF THE COURT AND SHOULD THEREFORE BE REQUIRED TO ADHERE TO THE CIVIL RULES.

In this case, Plaintiffs' request is improper because it was made after an agreement not to conduct discovery pending the Motion to Dismiss was made (an

agreement Plaintiffs do not deny was ever made); the Defendants have raised affirmative defenses which make discovery improper during a pending motion to dismiss (<u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 102 S. Ct. 2727 , 818; <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985)); and the requests, as currently worded, improperly impose on the City an onerous burden.  See <u>State ex rel. Dillery v. Icsman</u>, 92 Ohio St.3d 312, 750 N.E.2d 156 (2001); <u>State ex re. Zauderer v. Joseph</u>, 62 Ohio App.3d 752, 577 N.E.2d 444 (1989); <u>State ex rel. Thomas v. Ohio State University</u>, 71 Ohio St.3d 245, 643 N.E.2d 126 (1994).

The City does not seek to prevent anyone from "investigating, researching or otherwise preparing their case by the use of public record requests" (Memorandum in Opposition to Defendants' Motion to Stay Discovery, p. 7), but rather only seeks to require that plaintiffs perform the pre-filing discovery required by Civil Rule 11(3) prior to filing complaints which make outrageous, bald and baseless accusations against hardworking Firefighters.  In fact, that is exactly what each of the cases cited above, <u>State of Ohio ex rel. Perrysburg Township v. City of Rossford</u>, and  <u>State ex rel. Steckman v. Jackson</u> stand for: requiring that requests for records be made at the appropriate times, whether it be before the commencement of litigation or within the parameters set forth by the rules of the court and the rules of discovery after the commencement of litigation.

The City of Cincinnati is not the first, nor is it currently the only governmental entity to complain of tactics which Plaintiffs herein are attempting to effect and the City's arguments and objections herein are not novel.  The Ohio Supreme Court is currently

---

[1] Ohio R. C. § 149.43(A)(1)(p) provides in relevant part: "'Public record' does not mean . . . Peace officer, firefighter, or EMT residential and familial information;" it does not apply in the instant case.

considering the case of <u>Gilbert v. County of Summit</u>, Case No.'s 03-2193 and 03-2198, which specifically addresses whether a litigant in a civil case against a governmental party may use the public records requests under R.C. 149.43 to evade the discovery rules or other trial procedural rules and court orders.  The City brings this discovery matter to the attention of the Court because the Court has authority over discovery matters and because it was agreed that discovery would be improper pending the Motion to Dismiss.

### III.    PLAINTIFFS' REQUESTS ARE IMPROPER DUE TO A LACK OF SPECIFICITY.

Defendants argue in the alternative, that even if the Court finds that a public records request at this juncture is allowable, Plaintiffs' requests are not properly made. Plaintiffs do not even attempt to distinguish their records requests from the requests at issue in cases such as <u>State ex rel. Dillery v. Icsman</u>, supra (request was improper due to its lack of specificity where the request sought "any and all records generated, in the possession of your department, containing any reference whatsoever to Kelly Dillery"); <u>State ex re. Zauderer v. Joseph</u>, supra (requests for records describing the context in which they were created are improper); and <u>State ex rel. Thomas v. Ohio State University</u>, supra (writ denied where request sought respondents to search for records containing selected information).  Plaintiffs' requests violate the very rules imposed by previous courts and, even if the Court finds that a public records request can be made, which Defendants do not concede is proper, Plaintiffs must be required to submit requests which meet the criteria set forth by legal precedent.

WHEREFORE, Defendants request that this Court issue and Order enforcing the agreement previously made to not engage in discovery pending the Motion to Dismiss for each of the reasons set forth above.

Respectfully submitted,


JULIA L. McNEIL (0043535)
City Solicitor


/s/:  *Geri Hernandez Geiler*
**GERI HERNANDEZ GEILER** (0042081)
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph. (513) 352-3334
geri.geiler@cincinnati-oh.gov

Trial Attorney for Defendants
Firefighters Hoog and Lotz


## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

I hereby certify that on December 8, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Barbara Bison Jacobson and Ward B. Washington at wbwashington@vssp.com.  I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: n/a.

/s/: Geri Hernandez Geiler
**GERI HERNANDEZ GEILER (0042081)**
Atty. Reg. No. 0042081
Sr. Assistant City Solicitor
Room 214 City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.: (513) 352-3338
Fax: (513) 352-1515

Email: geri.geiler@cincinnati-oh.gov