IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE SAMUEL, | : | |
| AS ADMINISTRATOR OF | : | Case No. C-1-02-378 |
| THE ESTATE OF | : | |
| CATHY LYNN TUBBS, et al., | : | Judge Michael H. Watson |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| STEVEN M. HOOG, et al., | : | **PLAINTIFFS' SUPPLEMENTAL** |
| | : | **MEMORANDUM OF** |
| Defendants. | : | **AUTHORITIES IN OPPOSITION TO** |
| | : | **DEFENDANTS' MOTION TO STAY** |
| | : | **DISCOVERY INCLUDING ALL** |
| | : | **PUBLIC RECORDS REQUESTS** |

Defendants Hoog and Lotz filed a "Motion to Stay Discovery Including All Public Records Requests." Plaintiffs filed a memorandum in opposition to this Motion.

Plaintiffs hereby submit to this Court a supplemental citation of authority. The authority is the Ohio Supreme Court's decision in Gilbert v. Summit County et al., (December 30, 2004) 104 Ohio St. 3d 660, a copy of which is attached as Exhibit A. This case just came to the attention of the undersigned.

Writing for the Court, Justice Pfeiffer stated:

> The question certified to this court is "[w]hether a civil litigant may obtain relevant materials from the opposing party via R.C. 149.43, rather than * * * civil discovery, during the pendency of [his or her] case." To resolve this issue in this case, we must determine whether … [plaintiff] may use the Public Records Act to request public records related to a pending civil lawsuit after the expiration of the discovery deadline in that lawsuit. For the reasons that follow, we conclude that he may.

<u>Gilbert v. Summit County et al.</u>, (December 30, 2004) 104 Ohio St. 3d 660 at 661.

Justice Pfeiffer went on to state:

> [Defendant] . . . relies on <u>State ex rel. Steckman v. Jackson</u> (1994), 70 Ohio St.3d 420, 639 N.E.2d 83 for the broad proposition that "[c]ivil litigants in a pending case cannot circumvent the Civil Rules limiting discovery by making a public records request upon the opposing party for records under R.C. 149.43." In *Steckman,* this court did not address civil lawsuits; it addressed only "public records involved in pending criminal proceedings." Id. at 426, 639 N.E.2d 83. The *Steckman* decision was based in large part on the fact that the requested documents were trial preparation records or confidential law enforcement investigatory records, both of which are specifically excepted from public records requests. R.C. 149.43(A)(1)(g) and (h). *Steckman* even stated that other records not falling under these exceptions, such as routine offense and incident reports, were subject to "immediate release upon request." Id. at paragraph five of the syllabus. *Steckman* does not stand for the broad proposition propounded by . . . [Defendant].
> . . . . Summit County's reliance on *Steckman* is unavailing.
> We are more persuaded by *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 610 N.E.2d 997, syllabus, where we stated that "[a] person may inspect and copy a 'public record,' as defined in R.C. 149.43(A), irrespective of his or her purpose for doing so." See *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn.,* 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, at ¶ 45 (purpose behind request to "inspect and copy public records is irrelevant"). Separately, and as a matter of policy, if the intent to use public records in litigation were relevant to their availability, the burden on government entities to ensure that requested records were not in any way connected to ongoing or potential litigation would be exceedingly onerous.
> We conclude that . . . [plaintiff] made a public records request and agree with the court of appeals that . . . [defendant] has "failed to show that the requested records are exempt under the Act." " 'The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the

>people.' " *Dayton Newspapers, Inc. v. Dayton* (1976), 45 Ohio St.2d 107, 109, 74 O.O.2d 209, 341 N.E.2d 576, quoting *State ex rel. Patterson v. Ayers* (1960), 171 Ohio St. 369, 371, 14 O.O.2d 116, 171 N.E.2d 508. That the public records plaintiff seeks are potentially useful to him in a lawsuit is fortuitous, not illegal.

Id. at pp. 661 - 663.

Because this case is pertinent to the issue pending in the case at bar, we hereby submit this as additional authority in opposition to Defendants' Motion.

Respectfully submitted,

/s/ Barbara Bison Jacobson
Barbara Bison Jacobson (0014190)
Ward Blair Washington (0076911)
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street, Suite 2000
P.O. Box 236
Cincinnati, Ohio 45202
Telephone – (513) 723-4016
Facsimile – (513) 852-8481

Trial Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2005, I electronically filed the foregoing with the Clerk of Court as an attachment to a Motion for Leave to File this document using the CM/ECF which will send notification of such filing to Geri Hernandez Geiler, Sr. Assistant City Solicitor, Room 214 City Hall, 801 Plum Street, Cincinnati, Ohio 45202.

/s/ Barbara Bison Jacobson
Barbara Bison Jacobson