821 N.E.2d 564                                                                                                    Page 1
104 Ohio St.3d 660, 821 N.E.2d 564, 2004-Ohio-7108
**(Cite as: 104 Ohio St.3d 660, 821 N.E.2d 564)**

Supreme Court of Ohio.
GILBERT, Appellee,
v.
SUMMIT COUNTY et al., Appellants.
**Nos. 2003-2193, 2003-2198.**

Submitted Sept. 28, 2004.
Decided Dec. 30, 2004.

**Background:** Attorney in federal law suit filed mandamus action to compel county to disclose public records pursuant to the Public Records Act. The Court of Common Pleas, Summit County, No. CV 2002-07-4220, granted summary judgment to the county. Attorney appealed. The Court of Appeals reversed and remanded and certified conflict.

**Holding:** On acceptance of discretionary appeal, the Supreme Court, Pfeifer, J., held that attorney could use the Public Records Act to request public records related to pending civil lawsuit, after expiration of the discovery deadline in lawsuit.
Judgment affirmed and cause remanded.

Lundberg Stratton, J., filed a concurring opinion, in which Moyer, C.J., and Lazarus, J., sitting by assignment, joined.

West Headnotes

**[1] Records** ⚖═54
326k54 Most Cited Cases
Attorney could use the Public Records Act to request public records related to pending civil lawsuit against county, after expiration of the discovery deadline in lawsuit, where county failed to show that the requested records were exempt under the Act. R.C. § 149.43.

**[2] Judgment** ⚖═185(6)
228k185(6) Most Cited Cases
Summary judgment is only proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Rules Civ.Proc., Rule 56(C).

**[3] Records** ⚖═65
326k65 Most Cited Cases
Because it was refusing to release records, county had the burden of proving that the requested records were excepted from disclosure under the Public Records Act. R.C. § 149.43.

**[4] Records** ⚖═50
326k50 Most Cited Cases
The Public Records Act allows public access to public records with certain
exceptions and is based on the fundamental policy of promoting open government, not restricting it. R.C. § 149.43.

**[5] Records** ⚖═50
326k50 Most Cited Cases

**[5] Records** ⚖═65
326k65 Most Cited Cases
The Public Records Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. R.C. § 149.43.
**\*\*565** Slater, Zurz & Gilbert and Michael J. Wright, for appellee.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Anita L. Davis, Assistant Prosecuting Attorney, for appellants.

Barry M. Byron, Stephen L. Byron, Willoughby, and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Diane Richards Brey, Deputy Solicitor, urging reversal for amicus curiae Attorney General of Ohio.

PFEIFER, J.

{¶ 1} Appellee, Edward Gilbert, represents Emanuel Janikis in a federal civil action against appellant Summit County relating to Janikis's termination of employment with the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

821 N.E.2d 564                                                                                                         Page 2
104 Ohio St.3d 660, 821 N.E.2d 564, 2004-Ohio-7108
**(Cite as: 104 Ohio St.3d 660, 821 N.E.2d 564)**

Summit County Department of Job and Family Services ("DJFS"). *Janikis v. Summit Cty.,* N.D.Ohio No. 5:01CV1598. The discovery period in that case closed on January 31, 2002. After that date, the Akron Beacon Journal published an article that referred to certain documents relating to a federal audit of DJFS. Prior to seeing the article, Janikis was not aware of the audit or the documents.

{¶ 2} Janikis sought discovery of the audit documents. Summit County withheld the documents, claiming that the deadline for discovery had passed. The federal district court agreed with Summit County and denied Janikis's motion for discovery of the audit documents.

{¶ 3} Gilbert then filed a public records request for the documents under Ohio's Public Records Act, R.C. 149.43. Summit County continued to withhold the documents on the grounds that the public records request was an attempt to circumvent civil discovery rules. Gilbert filed a mandamus action in the Summit County Court of Common Pleas. The court granted summary judgment for Summit County, denying the public records request. The court of appeals reversed and remanded and certified the case to this court as being in conflict with *State ex rel. Perrysburg Twp. v. Rossford* (2002), 148 Ohio App.3d 72, 772 N.E.2d 152.

***661** {¶ 4} The cause is now before this court pursuant to the acceptance of a discretionary appeal and upon our determination that a conflict exists.

****566** [1] {¶ 5} The question certified to this court is "[w]hether a civil litigant may obtain relevant materials from the opposing party via R.C. 149.43, rather than * * * civil discovery, during the pendency of [his or her] case." To resolve this issue in this case, we must determine whether Gilbert may use the Public Records Act to request public records related to a pending civil lawsuit after the expiration of the discovery deadline in that lawsuit. For the reasons that follow, we conclude that he may.

[2][3] {¶ 6} Two standards are appropriate for consideration in this case, neither of which benefits Summit County. First, summary judgment is proper only when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267; See Civ.R. 56(C). Second, because it is refusing to release records, Summit County "has the burden of proving that the records are excepted from disclosure by R.C. 149.43." *State ex. rel. Natl. Broadcasting Co., Inc. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph two of the syllabus.

[4][5] {¶ 7} The Public Records Act allows public access to public records with certain exceptions and is based on the "fundamental policy of promoting open government, not restricting it." *State ex rel. The Miami Student v. Miami Univ.* (1997), 79 Ohio St.3d 168, 171, 680 N.E.2d 956; see, also, *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 264, 685 N.E.2d 1223. "R.C. 149.43 [the Public Records Act] is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 376, 662 N.E.2d 334.

{¶ 8} Summit County contends that release of the audit report pursuant to a public records request is "prohibited by state or federal law" within the meaning of R.C. 149.43(A)(1)(v). Summit County relies on *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, for the broad proposition that "[c]ivil litigants in a pending case cannot circumvent the Civil Rules limiting discovery by making a public records request upon the opposing party for records under R.C. 149.43." In *Steckman,* this court did not address civil lawsuits; it addressed only "public records involved in pending criminal proceedings." ***662** Id. at 426, 639 N.E.2d 83. The *Steckman* decision was based in large part on the fact that the requested documents were trial preparation records or confidential law enforcement investigatory records, both of which are specifically excepted from public records requests. R.C. 149.43(A)(1)(g) and (h). *Steckman* even stated that other records not falling under these exceptions, such as routine offense and incident reports, were subject to "immediate

Case 1:02-cv-00378-MRB    Document 36-3    Filed 02/15/2005    Page 3 of 4

821 N.E.2d 564                                                                                                                                Page 3
104 Ohio St.3d 660, 821 N.E.2d 564, 2004-Ohio-7108
**(Cite as: 104 Ohio St.3d 660, 821 N.E.2d 564)**

release upon request." Id. at paragraph five of the syllabus. Steckman does not stand for the broad proposition propounded by Summit County.

{¶ 9} Of particular concern in Steckman was that "[i]n order to avoid the results of Crim.R. 16, some defendants (more and more we find) are resorting to the use of R.C. 149.43 to, we believe, obtain information to which they are not entitled under Crim.R. 16 and (and we emphasize) to bring about interminable delay in their criminal prosecutions." (Emphasis sic.) **\*\*567** Id. at 428, 639 N.E.2d 83. These concerns are not relevant here. Gilbert is an attorney representing a client in a civil lawsuit, who has requested documents to which any other member of the public would be entitled under the Public Records Act. Further, Gilbert is not seeking to delay the prosecution of a case against himself, or even against his client. Finally, the records requested in Steckman were not subject to release under R.C. 149.43 specifically because they were trial preparation records or confidential law enforcement investigatory records, not because they were "records the release of which is prohibited by state or federal law" under R.C. 149(A)(1)(v). Summit County's reliance on Steckman is unavailing.

{¶ 10} We are more persuaded by State ex rel. Fant v. Enright (1993), 66 Ohio St.3d 186, 610 N.E.2d 997, syllabus, where we stated that "[a] person may inspect and copy a 'public record,' as defined in R.C. 149.43(A), irrespective of his or her purpose for doing so." See State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Edn., 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, at ¶ 45 (purpose behind request to "inspect and copy public records is irrelevant"). Separately, and as a matter of policy, if the intent to use public records in litigation were relevant to their availability, the burden on government entities to ensure that requested records were not in any way connected to ongoing or potential litigation would be exceedingly onerous.

{¶ 11} We conclude that Gilbert made a public records request and agree with the court of appeals that Summit County has "failed to show that the requested records are exempt under the Act." " 'The rule in Ohio is that public records are the people's records, and that the officials in whose custody they happen to be are merely trustees for the people.' " Dayton Newspapers, Inc. v. Dayton (1976), 45 Ohio St.2d 107, 109, 74 O.O.2d 209, 341 N.E.2d 576, quoting State ex rel. Patterson v. Ayers (1960), 171 Ohio St. 369, 371, 14 O.O.2d 116, 171 N.E.2d 508. **\*663** That the public records Gilbert seeks are potentially useful to him in a lawsuit is fortuitous, not illegal. We affirm the judgment of the court of appeals.

Judgment affirmed and cause remanded.

FRANCIS E. SWEENEY, SR., O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, J., concurs separately and in the foregoing opinion.

MOYER, C.J., and LAZARUS, J., concur separately.

CYNTHIA CECIL LAZARUS, J., of the Tenth Appellate District, sitting for RESNICK, J.

LUNDBERG STRATTON, J., concurring.

{¶ 12} I agree with the majority that a litigant may use the Public Records Act to request public records related to a pending civil lawsuit after the expiration of the discovery deadline in that lawsuit. Nevertheless, I am writing because I want to make clear that despite our decision, it is still the trial court that determines the admissibility of any records so acquired.

{¶ 13} Trial courts have discretion to admit or exclude evidence. State v. Sage (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. More specifically, trial courts have discretion to impose sanctions for discovery violations, one of which could be exclusion of that evidence. Civ.R. 37(B)(2)(b); see, also, Toney v. Berkemer (1983), 6 Ohio St.3d 455, 458, 6 OBR 496, 453 N.E.2d 700. Even independent of the rules of discovery, **\*\*568** trial courts have long had authority on an "evidentiary basis" to exclude otherwise relevant evidence to prevent undue prejudice. See Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248, fn. 2, citing Cottman v. Federman Co. (1942), 71 Ohio App. 89, 91, 25 O.O. 435, 47 N.E.2d 1009.

821 N.E.2d 564 Page 4
104 Ohio St.3d 660, 821 N.E.2d 564, 2004-Ohio-7108
**(Cite as: 104 Ohio St.3d 660, 821 N.E.2d 564)**

{¶ 14} Therefore, even though a party may effectively circumvent a discovery deadline by acquiring a document through a public records request, it is the trial court that ultimately determines whether those records will be admitted in the pending litigation.

MOYER, C.J., and LAZARUS, J., concur in the foregoing concurring opinion.

104 Ohio St.3d 660, 821 N.E.2d 564, 2004-Ohio-7108

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.