Peter J. Stackpole (72103)
Trial attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE SAMUEL, et al | : | CASE NO. 1:02cv378 |
| Plaintiffs, | : | JUDGE MICHAEL BARRETT |
| vs. | : | |
| STEVEN M. HOOG, et al., | : | **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendants. | : | **WITH JURY DEMAND** |

Now come Defendants, Steven M. Hoog and Michael A. Lotz, ("Defendants"), and for their Answer to the First Amended Complaint state the following:

## JURISDICTION & VENUE

1. Defendants deny for lack of knowledge the allegations in Paragraphs 1-4 of the First Amended Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

2. Defendants deny for lack of knowledge the allegations in Paragraphs 5-16 of the First Amended Complaint.

3. Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

4. Defendants deny for lack of knowledge the allegations in Paragraphs 18-22 of the First Amended Complaint.

## COUNT I

## Civil Rights Claim

5.  Defendants incorporate the answers to Paragraphs 1-22 of the First Amended Complaint.

### The City of Cincinnati Policy

6.  Defendants deny for lack of knowledge the allegations in Paragraphs 24-25 of the First Amended Complaint.

### Application of the Policy to White Citizens by Defendants

7.  Defendants deny for lack of knowledge the allegations in Paragraphs 26-30 of the First Amended Complaint.

### Failure to Apply Policy to Cathy Lynn Tubbs

8.  Defendants deny for lack of knowledge the allegations in Paragraph 31 of the First Amended Complaint.

9.  Defendants deny the allegations in Paragraph 32 of the First Amended Complaint.

10. Defendants deny for lack of knowledge the allegations in Paragraphs 33-34 of the First Amended Complaint.

### Civil Rights Violation Due to Race

11. Defendants admit the allegations in Paragraph 35 of the First Amended Complaint.

12. Defendants deny the allegations in Paragraphs 36-38 of the First Amended Complaint.

## COUNT II

### Intentional Infliction of Emotion Distress of Cathy Lynn Tubbs

13. Defendants incorporate the answers to Paragraphs 1-38 of the First Amended Complaint.

14. Defendants deny for lack of knowledge the allegations in Paragraphs 40-42 of the

First Amended Complaint.

15. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

16. Defendants deny for lack of knowledge the allegations in Paragraphs 44-45 of the First Amended Complaint.

17. Defendants deny the allegations in Paragraphs 46-51 of the First Amended Complaint.

## COUNT III

### Intentional Infliction of Emotional Distress of Janie Samuel

18. Defendants incorporate the answers to Paragraphs 1-51 of the First Amended Complaint.

19. Defendants deny for lack of knowledge the allegations in Paragraphs 53-54 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

21. Defendants deny for lack of knowledge the allegations in Paragraphs 56-59 of the First Amended Complaint.

22. Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

23. Defendants deny for lack of knowledge the allegations in Paragraphs 61-62 of the First Amended Complaint.

24. Defendants deny the allegations in Paragraph 63-64 of the First Amended Complaint.

## COUNT IV

### Punitive Damages

25. Defendants incorporate the answers to Paragraphs 1-64 of the First Amended

Complaint.

26. Defendants deny the allegations in Paragraphs 66-67 of the First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

17. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

18. Plaintiffs' injuries, if any, were the result of a superseding, intervening act over which Defendants of Cincinnati had no control or duty to prevent.

19. The alleged damages claimed were caused by the acts and/or omissions of someone other than the Defendants and over whom the Defendants had no control.

20. Plaintiffs' First Amended Complaint is barred by the applicable statute of limitations.

21. Defendants are entitled to governmental and qualified immunity.

22. Process and service of process were and are insufficient.

23. The claims are barred by Plaintiffs' contributory negligence and comparative negligence.

24. The claims are barred or must be reduced by Plaintiffs' failure to mitigate damages.

25. The claims are barred or must be reduced by recoupment and set-off.

26. The Defendants hereby give notice that they intend to rely on and utilize any affirmative defenses set forth in Rules 8 & 12 of the Federal Rules of Civil Procedure that may become available or apparent during the course of discovery and they hereby reserve the right to amend their Answer to assert such defenses.

                                      Respectfully submitted,

                                      **JULIA L. McNEIL, (0043535)**
                                      **CITY SOLICITOR**

/s/ Peter J. Stackpole
**PETER J. STACKPOLE (72103)**
Assistant City Solicitor
Counsel for Defendant City of Cincinnati
City Hall, Room 214
801 Plum Street
Cincinnati, Ohio 45202
Tel: 513-352-3350
Fax: 513-352-1515
Email: peter.stackpole@cincinnati-oh.gov

## JURY DEMAND

Defendants hereby demand a trial by jury.

/s/ Peter J. Stackpole
**PETER J. STACKPOLE (72103)**

## CERTIFICATE OF SERVICE

I hereby certify on June 26, 2006 that a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Peter J. Stackpole
**PETER J. STACKPOLE (72103)**
Assistant City Solicitor