# Exhibit A

O 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

Southern    DISTRICT OF    Ohio

Janie Samuel, et al.,                           **SUBPOENA IN A CIVIL CASE**

v.                                              **SUBPOENA FOR RECORDS**

Steven M. Hoog, et al.                          CASE NUMBER:    1:02cv378

TO:  **Custodian of Records**
     **City of Cincinnati**
     **c/o Law Department**
     **801 Plum Street**
     **214 City Hall**
     **Cincinnati, Ohio 45202**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE   LAW OFFICES OF VORYS, SATER, SEYMOUR AND PEASE LLP SUITE 2000, ATRIUM TWO, 221 EAST FOURTH STREET CINCINNATI, OHIO 45201-0236 | DATE AND TIME   OCTOBER 2, 2006 10:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Plaintiffs | DATE   September 14, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ward B. Washington, Vorys, Sater, Seymour and Pease, Suite 2100, Atrium Two, 221 E. Fourth Street, Cincinnati, Ohio 45202 (513) 723-4604

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

As used in this Schedule A, "document" or "documents" is used in its broadest sense and shall mean any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original or copies of any written, recorded, or graphic matter, of every kind and description, however produced or reproduced.

1. Cincinnati Fire Department Medical Run Reports and any other documents relating to emergency medical services that: (a) were created or filled out by, or which name, identify, include the badge number of, or relate to any response, request for assistance or incident involving Firefighter Steven M. Hoog and/or Firefighter Michael A. Lotz (b) between May 29, 1999 and July 29, 2000.

2. Any and all documents relating in any way to Cathy Lynn Tubbs, Firefighter Steven M. Hoog and/or Firefighter Michael A. Lotz regarding an incident involving Cathy Lynn Tubbs that occurred on or about May 29, 2000.

3. Any and all Medical Run Reports relating to Cathy Lynn Tubbs.

4. Any and all Medical Run Reports, Form-33, Form-34, "desk diaries" and other documents relating to any responses by Engine 23 to calls for assistance while Firefighter Steven M. Hoog was on duty, and which occurred between January 1, 2000 and July 29, 2000.

5. Any and all documents, including but not limited to e-mails, letters or reports relating in any way to any emergency responses to 1316 Burdett Avenue.

6. Any and all documents relating in any way to any allegation that Firefighter Steven M. Hoog and/or Firefighter Michael A. Lotz have acted in a rude, racist, unprofessional, or negligent behavior, or have acted contrary to any law, regulation or City policy.

8. Any and all documents related to Firefighter Steven M. Hoog performing duties as officer in charge of Engine 23.

9. Any and all documents related to any disciplinary hearing or hearings for Firefighter Steven M. Hoog and/or Firefighter Michael A. Lotz.

10. Any and all documents related to any and all Engine 23 emergency responses between May 29, 1999 and July 29, 2000 when Firefighter Steven M. Hoog was the officer in charge or acting officer in charge.

11. Any desk diary or diaries related to Engine 23 activities between January 1, 2000 and July 29, 2000 while Firefighter Steven M. Hoog and/or Firefighter Michael A. Lotz were on duty.

12. Any and all documents reflecting or establishing which firefighters were permanently assigned to Engine 23 on May 29, 2000.

13. Any and all documents pertaining or relating to the race or skin color of individuals that Engine 23 has been dispatched to assist since January 1, 2000.

14. Any and all documents reflecting or establishing the dates and hours on which Firefighter Steven M. Hoog and/or Firefighter Michael A. Lotz were on duty with Engine 23 between January 1, 2000 and July 29, 2000.

15. Any and all summaries, compilations and/or analyses of any and all Medical Run Report Form-33 or information thereon.

16. Any and all lists, indices or summaries of documents created or maintained by the City of Cincinnati relating to emergency responses by the Fire Division since January 1, 2000.

17. Any and all documents related to the racial makeup of fire houses or engine companies.

18. Any and all documents related to any allegation or complaint by a citizen or firefighter that they have been subject to adverse actions or treatment by a City of Cincinnati firefighter since January 1, 2000.

19. Any and all documents establishing or relating to the neighborhood(s) or geographic area(s) (or boundaries thereof) primarily served by Engine 23 from 1995 to the present.

20. Any and all personnel files, documents relating to complaint investigations, disciplinary proceedings or investigations, and files or documents maintained by supervisors, that relate to or concern Steven M. Hoog and /or Michael A. Lotz.